SUSAN A. BROOKS, Respondent, *v.* OLIVER VAN EVERY, Appellant.

Where, in an action upon a note, a referee is requested by the defendant to find certain facts, which he refused to do, and it is stated that he refused to find otherwise than as above decided (a general finding in favor of plaintiff), no exception can be taken to such refusal.

THIS action was brought to recover the amount of a promissory note, by which the defendant promised to pay the plaintiff or order the sum of $123.67 on demand, with interest.

The defense was: first, that the plaintiff was a married woman, and the note belonged to her husband; second, that she owed defendant for money lent and advanced to her, and paid out for her at her request, in the years 1855, 1856 and 1857; third, that she owed him for rent of certain premises in Williamsburgh, rented to her by him at the yearly rent of $400 per year.

The action was tried before a referee, who reported in favor of the plaintiff for the amount due upon the note and against the defense. The defendant took certain exceptions, and, after entry of judgment, appealed to the General Term, where the judgment was affirmed. The nature of the exceptions sufficiently appears in the opinion of the court.

*Homer A. Nelson,* for the appellant.

*Beebee, Dean & Donehue,* for the respondent.

MORGAN, J. Both parties were sworn upon the trial of this action, and contradicted each other as to the facts relied upon by the defendant to make out his set-off or counter claim. The defendant, however, requested the referee to find that the plaintiff agreed to appropriate the note toward payment of the rent; also, that the plaintiff was the lessee of the premises; also, that the note was paid and satisfied.

This the referee refused to find. The defendant then requested the referee to find that the plaintiff agreed to appropriate said note in part payment of a bill of goods furnished to her husband at her request. This the referee refused to find.

It is also stated that the referee refused to find otherwise or different than as above already decided.

The defendant excepted to the refusal of the referee to find as requested in each case. These requests are drawn up in such a manner as to leave it somewhat doubtful whether the referee declined to find as requested, upon the ground that the facts were not satisfactorily proved, or because he did not consider the plaintiff liable upon her contracts, she being a married woman at the time. By reference, however, to the formal report of the referee, contained in the judgment roll, it appears that he declined to find as requested, upon the ground that the defendant failed to prove his defenses.

Although it is said that the referee refused to find otherwise or different from what he had already found, no exception can be taken to it. If an exception in that form is available in any case, the party who takes it must state and bring before the referee the proposition of fact or law which he desires to have the referee pass upon.

As the report of the referee upon the facts found by him is not subject to review in this court, there is no occasion to pass upon any of the questions of law which have been raised upon the supposition that certain facts of the defense had been established as part of the case.

If the plaintiff did not borrow money of the defendant, if she did not rent the premises or agree to pay the rent, if she did not agree to appropriate the note in question toward payment of the rent or toward the purchase price of goods furnished to her husband, no question of law can arise as to her liability upon her personal engagements in such a case.

It is not now claimed by the appellant's counsel that the note given to the plaintiff should be deemed in law the property of her husband.

I have very strong impressions that, upon the facts as they were stated by the defendant himself, the judgment should not be disturbed; still I think we are not called upon to decide such a question. Upon the facts found by the referee, the judgment is right and should be affirmed.

All the judges concurring,

Judgment affirmed.