JOSEPH PUTNAM and others, Respondents, *v.* ALRICK HUBBELL and others, Appellants.

This court is not concluded by the findings of a referee upon matters of fact, in the absence of evidence tending to sustain them, although none of such findings have been reversed by the General Term.

It is a legal error for a referee to find a fact without such evidence as, under like circumstances, would authorize a judge to submit the question to a jury. (GROVER, J.)

Where an assignment for the benefit of creditors was not accompanied by any schedule, and there was evidence tending to show that, shortly before, the assignor had encumbered some of his property, had sold a stock of groceries, but continued to conduct the business in the name and as the agent of the purchaser, and, after the assignment, had received the rent of certain of the real property, and negotiated a sale thereof, the referee found as a fact that the assignment was made with intent to delay, hinder and defraud his creditors.—*Held* (GROVER and HUNT, JJ., *contra*), that the finding was not sustained by the evidence.

A brother of the assignor was present and a witness on the execution of the assignment, and there was evidence tending to show that he subsequently acquired title to real property covered by the assignment, sold on mortgages and executions against the assignor, for less than its value, having induced junior encumbrancers to refrain from bidding against him; and that the assignor afterward exercised apparent control over a portion of this property, with his consent. The referee found as a fact that the brother was a party to a scheme formed by the assignor to hinder, delay and defraud creditors, and acquired such property in pursuance thereof, and with that intent.—*Held*, unanimously, that the finding was wholly unsustained by the evidence.

The mere finding that there was a scheme, without stating in what it consisted, amounts to nothing; it is but a conclusion without facts to sustain it. (INGALLS, J.)

(Case argued January, 1870; decided March 24th, 1870.)

APPEAL from a judgment of the General Term of the Supreme Court, in the seventh district, affirming a judgment entered upon the report of a referee.

This was a creditor's action, brought originally against Alfred Hubbell, the judgment debtor, and Joseph Medbery and E. Darwin Smith, his assignees, to set aside an assignment made by Hubbell to Smith and Medbery as fraudulent, and to have the property of the debtor applied to the payment of the creditors' judgment. After the service of the defendants' answer, Alrick Hubbell was made a party on the alleged ground that he had combined and confederated with his brother, Alfred, to defraud the creditors of the latter, of which scheme the assignment was a part, and that a large amount of the property of Alfred had come into his hands by means of such fraudulent combination.

The cause was referred to the Hon. S. A. Foote, who made

his report in favor of the plaintiffs upon all the issues. It appeared from the evidence that when the assignment was made a number of suits were pending against the assignor; he had, a short time previously, executed two mortgages upon certain of his real estate; within four or five days before the assignment he sold a stock of groceries and liquors, to one Rogers, the price of which was paid by an indorsement of that amount upon a mortgage held by the purchaser against him; and he continued to carry on the business of selling these goods, but in the name of the purchaser and as his salaried agent, for about two years, when his principal sold out to the appellant, Alrick Hubbell, a brother of the assignor.

There was some evidence that, after the assignment, the assignor received rent for certain real estate covered by it; and had negotiated a sale and joined Alrick Hubbell in a deed of the same premises, Alrick having acquired title by execution sale against him.

There was also evidence tending to show that Alrick Hubbell purchased portions of the real estate that had belonged to the assignor, for less than its value, on execution and foreclosure sales, and had induced junior encumbrancers to refrain from bidding against him by his assurances to them in regard to their debts.

The assignment directed the payment of all installments, interest, &c., on mortgages given by the assignor, as they fell due, until sale of the lands mortgaged, and that the sales be subject to the payment of those mortgages. No schedule accompanied the assignment.

The referee found as facts: The recovery of judgments by the respective plaintiffs; and return of executions thereon unsatisfied; that such judgments were recovered upon debts due and owing by Alfred Hubbell at the time he made his assignment, and remained wholly unsatisfied; on the 12th of January, 1849, Alfred Hubbell made, executed and delivered to the defendants, Medbery and Smith, a general assignment; the defendants, Medbery and Smith, accepted the assignment, and under the same came into possession of a large amount

of real and personal estate and choses in action of Alfred Hubbell, and still have in their possession a considerable amount of the proceeds thereof; and that Alfred Hubbell made, executed and delivered the assignment with intent to hinder, defraud and delay the plaintiffs.

From these findings of fact, he found as conclusions of law that the assignment was void as against the plaintiffs; that a receiver be appointed of the property of Alfred Hubbell, included in the assignment; and the assignees account to the receiver for the property and the proceeds thereof which had come into their possession, or which might have come into their possession or been collected or received by them by the exercise of due diligence; and, being credited with all just allowances, pay over the balance to the receiver, and that the receiver out of such proceeds pay the plaintiffs their costs and the amount of their debts.

The referee also found as facts, that Alfred Hubbell, being largely indebted to the plaintiffs and other persons and unable to pay his debts, shortly before making the assignment, contrived a scheme to prevent his property being applied to the payment of his debts, and to delay, hinder and defraud the plaintiffs and his other creditors; the defendant, Alrick Hubbell, was a party to such scheme, and in pursuance thereof, and with intent to delay, hinder and defraud Alfred's creditors, acquired the title to several parcels of the real estate of Alfred for prices below their actual value; and sold part of such real estate for much larger sums than he paid for the same, and still owns and possesses other parcels thereof.

From these findings of fact he found as conclusions of law that such real estate and the gains made thereon, over and above the amount paid by Alrick Hubbell in acquiring the title, should be applied to the payment of the plaintiffs' debts, so far as necessary. Judgment was entered upon the report in accordance therewith.

The defendants (except Alfred Hubbell, who had died during the pendency of the action) appealed to the General Term, where the judgment was modified, by striking there-

from the words which charged the defendants, Medbery and Smith; with such proceeds of the assigned property as might have come to their possession or been collected or received by them by the exercise of due diligence, and in all other respects affirmed.

Judgment was entered upon the decision of the General Term, and the defendants appealed to this court.

*Francis Kernan,* for the appellant, cited 1 Cowen & Hill's notes, p. 298, note 298 . *Starr* v. *Peck* (1 Hill, 273); *Safford* v. *Wyckoff* (4 Hill, 452); *Osborn* v. *Hyer* (2 Paige, 342); Edwards on Rec., rev. ed., p. 399; *Thompson* v. *Davies* (13 John., 112); *Lalor's* Supp. to Hill & Den., 191; *Small* v. *Jones* (6 Watts & Serg., 127); *Erben* v. *Lorillard* (19 N. Y., 299); *Buckingham* v. *Payne* (35 Barb., 81).

*William F. Cogswell,* for the respondent, on the point that this court would not review 'the findings of a referee upon questions of fact, cited *Borst* v. *Spelman* (4 Comst., 284); *Dunham* v. *Watkins* (12 N. Y., 556); *Griscom* v. *The Mayor of New York* (12 N. Y., 586); *Newton* v. *Bronson* (13 N. Y., 587); *Lockwood* v. *Thorne* (11 N. Y., 170); *Reformed Protestant Church* v. *Brown* (24 How., 76); *Dayton* v. *Borst* (31 N. Y., 435).

INGALLS, J. The referee, after finding the recovery of judgment by the plaintiff, and the issuing and return of execution thereon, the making of the assignment by Alfred Hubbell to Joseph Medbery and E. Darwin Smith for the benefit of his creditors, and the acceptance of the trust by the assignees, and the taking possession by them of a large amount of real and personal property and choses in action under such assignment, proceeds as follows: "12th. The fact that the said Alfred Hubbell being largely indebted to the plaintiff and other persons, and unable to pay his debts, did, in the early part of the month of January, in the year 1849, and a short time before making the aforesaid assign

ment, *form a scheme* to prevent his property from being
fairly and promptly applied to the payment of his debts, and
to delay, hinder and defraud the plaintiff and said other
persons of their said debts against him.   13th. The fact that
the defendant, Alrick Hubbell, became a party to *said scheme*
of the said Alfred Hubbell, and in pursuance thereof, and
with intent to delay, hinder and defraud the plaintiff and
said other persons of their said debts, did, after the making
of said assignment and before the commencement of this
action against the said Alrick Hubbell, and principally during
the year 1849, acquire title to several valuable parcels of real
estate of the said Alfred Hubbell, situate in this State, for
prices considerably below their actual value, and which parcels
of real estate were owned by the said Alfred Hubbell at the
time of his making said assignment, and the title to which
passed under the same to the said Medbery and Smith.
14th. The fact that the defendant, Alrick Hubbell, has sold
several pieces of said real estate of the said Alfred Hubbell, to
which he, the said Alrick Hubbell, acquired title, as above
stated, for large sums of money above those he paid for the
same, and still owns and possesses other parcels thereof."
The referee fails to find any facts which indicate a fraudulent
scheme on the part of Alfred Hubbell or Alrick Hubbell to
hinder, delay or defraud the creditors of said Alfred.   The
mere finding that there was a scheme without stating in what
it consisted, does not enable the court to determine anything
in regard to it.   It is but a conclusion without facts to sup-
port it.   The facts that Alfred Hubbell became largely
indebted and unable to pay his debts, and made an assign-
ment for the benefit of his creditors, and that he preferred
some creditors in such assignment, do not establish fraud.   All
these facts may exist without the slightest intention on the
part of the debtor to defraud, hinder or delay his creditors.
In what, then, did the scheme consist?   What did he do?
The report of the referee does not show.   The assignment is
unobjectionable on its face, and the assignees are reputable
and responsible men.   I am unable to discover upon what

ground the assignment could be set aside, or from what facts any fraudulent scheme could be inferred. In regard to the defendant, Alrick Hubbell, it is found that he became a party to such scheme, and that in pursuance thereof, he acquired title to several valuable parcels of land, at less than their actual value, which real estate was owned by Alfred Hubbell at the time he executed the assignment, and the title to which passed to the assignees under said assignment, and that he sold said real estate at a price in advance of what he paid for the same. All such acts were justifiable in themselves, and should not be pronounced fraudulent, unless coupled with other transactions of a fraudulent nature, connected with the sale and purchase of such real estate. The mere finding, that there was a fraudulent scheme, which neither the facts found by the referee, nor the evidence sustains, amounts to nothing. The real estate of Alfred Hubbell was heavily incumbered by mortgages, and it is not pretended that they were without consideration, or otherwise fraudulent; and the real estate was sold under foreclosure of such mortgages, and purchased by Alrick Hubbell, at public sale, and paid for, so far as the evidence shows, out of his own money. The plaintiffs could have attended such sales, and prevented the sacrifice of which they complain, or purchased for their own benefit, but having chosen not to do so, and thereby allowed Alrick Hubbell to purchase, should be content. If any irregularity attended such sales, a direct application should have been made to the court to set the same aside, and order a resale. After Alrick Hubbell had fairly purchased such property, he had a right to dispose of it as he chose, even to giving it away. When the conclusion of a referee is wholly unsupported by evidence, this court will reverse. (*Fellows* v. *Northrup*, 39 N. Y., 117; *Mason* v. *Lord*, 40 N. Y., 477.) The judgment should be reversed, and a new trial ordered, with costs to abide the event.

GROVER, J. An appeal from the judgment to the General Term is given in this class of cases upon both the law and

fact. (Code, § 348.) Consequently it is the duty of that court to review questions of fact, and correct any error of the referee, in their determination, the same as questions of law. But no appeal upon questions of fact to this court is given therein. Such appeal is only given upon questions of law. Hence questions of the latter character only can be reviewed here. From this consideration it is often insisted, and some countenance to the position has been given, in some opinions delivered here, that this court is in all cases concluded by the finding of the referee upon matters of fact, when the judgment has been affirmed and none of the findings of fact have been reversed by the General Term. This position is true as to such findings, in support of which any evidence was given authorizing them, irrespective of the evidence given in conflict therewith. This follows from want of power in the court to inquire into and determine the fact upon the weight of evidence, which clearly it cannot do, for the reason that no appeal can be taken to it upon questions of fact. But the finding of a fact, without any such evidence, presents a different question; a referee has no right to find a fact in favor of a party, in the absence of any proof tending to establish it, any more than a judge upon trial has under like circumstances to submit such question to a jury. If the judge should so submit it to the jury, he commits a legal error, which, upon the proper exception taken, may be corrected in this court. So where a referee finds a material fact, in the absence of proof tending to establish it, he commits a legal error which, upon the proper exception taken, may be reviewed in this court. Hence it follows in the present case, that such findings of fact by the referee, in support of which such evidence was given as would have authorized a judge to submit the question to a jury, had the case been so tried, must be assumed as true by this court; but such findings (if any) not so sustained are legally erroneous, and, if excepted to, may be here corrected. In the present case the assignees of Alfred Hubbell have appealed from the judgment, and insist that it is erroneous in declaring the assignment of Alfred

Hubbell to them fraudulent and void as to his existing creditors. The judgment in this respect is correct, if the fact found by the referee, that it was made by Hubbell with intent to hinder, delay, and defraud his creditors, is sustained. That is sufficient to avoid it as against the creditors, irrespective of the intention of the assignees in accepting the trust or their good faith in its execution. They are in no respect to be regarded as purchasers of the property from Hubbell, and, consequently, the assignment to them cannot be sustained if Hubbell's intention in making it was to defraud his creditors, although the assignees acted with entire honesty and good faith. The inquiry, then, is whether there is evidence tending to show a fraudulent intent in Hubbell in executing the assignment. An examination of the testimony in reference to this point has led me to the conclusion that there was such evidence. The absence of a schedule of the property assigned is a circumstance entitled to some consideration. The sale of his stock of goods to Rogers just previous to the execution of the assignment, and his continuing to conduct the business of dealing in the goods in the name of Rogers thereafter, is another circumstance tending to cast suspicion upon the *bona fides* of the assignment. The receipt by him of rent of some of the real estate assigned after the assignment is a like circumstance. The testimony justifies some suspicion as to the good faith of Hubbell in encumbering a portion of the real estate assigned, just previous to the assignment. These, together with some other circumstances, render it impossible for this court to say that the finding above specified was without any proper evidence sustaining it. We have seen that this court is not authorized to inquire into and determine the fact upon the weight of evidence. It follows that the judgment as to the assignees must be affirmed. This conclusion does not dispose of the case upon the appeal of Alrick Hubbell. The questions arising upon his appeal are of an entirely different character. He claims title to large portions of the real estate embraced in the assignment of Alfred Hubbell, which title was not acquired by him under the

assignment, but by purchase upon execution and mortgage foreclosure sales, made by virtue of judgments against and mortgages given by Alfred Hubbell prior to the assignment, and of one parcel purchased by another person and by him subsequently conveyed to Alrick. By the judgment, Alrick Hubbell is declared to hold all this real estate as trustee for the creditors of Alfred Hubbell, and, as such, accountable to them for the rents and profits thereof, and for all gains made upon such parcels as have been sold by him; in short, declaring that the creditors are entitled to this real estate, and that Alrick's only beneficial interest therein is the right to be reimbursed for the sums paid upon its purchase for repairs, taxes, &c. This part of the judgment is based upon the following finding of fact by the referee: That Alfred Hubbell being largely indebted to the plaintiffs and other persons, and unable to pay his debts, did, in the early part of the month of January, 1849, and a short time before the making of the aforesaid assignment, form a scheme to prevent his property from being fairly and promptly applied to the payment of his debts, and to delay, hinder and defraud the plaintiffs and said other persons of their said debts against him; and that the said Alrick Hubbell became a party to said scheme of the said Alfred Hubbell, and in pursuance thereof, and with intent to delay, hinder and defraud the plaintiffs and said other persons of their said debts, did, after the making of said assignment, and before the commencement of this action against the said Alrick Hubbell, and principally during the year 1849, acquire title to several valuable parcels of real estate of the said Alfred Hubbell, situate in this State, for prices considerably below their actual value, and which parcels of real estate were owned by the said Alfred Hubbell at the time of making the assignment, and the title of which passed under the same to the assignees. Having already arrived at the conclusion that the judgment, so far as it declares the assignment void as to the creditors of Alfred Hubbell, must be affirmed, I shall not examine the above finding so far as it relates to the scheme of Alfred

Hubbell, but limit the inquiry to the finding that Alrick Hubbell became a party to this scheme, and in pursuance thereof acquired title to the real estate in question, as his rights only are affected by this part of the judgment. For the purpose of this inquiry, I shall assume, without intending to pass upon the question, that there was evidence tending to support the finding as to Alfred Hubbell. I have carefully examined the testimony in regard to the finding as to Alrick Hubbell, and have come to the conclusion that, whatever scheme to defraud his creditors might have been formed by Alfred, there is no evidence tending to show that Alrick united with him in any such scheme, or that he acquired title to any real estate previously owned by Alfred, in pursuance of any such scheme. We have seen that Alrick acquired title by purchase at sales regularly made upon executions against Alfred and upon foreclosures of mortgages given by Alfred, some of which were by action and others under the statute, and from conveyance to him by another purchaser at such sale. The finding in substance is, that these purchases were made and titles acquired by Alrick Hubbell, in pursuance of a scheme of Alfred and Alrick, to defraud the creditors of the former. There is no pretense of any evidence tending to show any want of validity in the judgment or mortgages. These securities having been fairly given by Alfred before the assignment, the holders had a perfect right to proceed to enforce them in the mode provided by law. There was no evidence tending to show that Alrick had any knowledge of the giving of the securities by Alfred, or that he had any agency whatever in procuring the holders to enforce them, or made any attempt whatever to influence such holders in the conduct of the proceedings instituted for that purpose. The sales were made as provided by law. In the larger number of purchases made by Alrick there was no evidence of anything done by him in relation thereto or of any interference by him with the biddings or bidders, except the making of his own bids, and upon the property being struck off to him as the highest

bidder, paying the purchase money and receiving the title. It remains to examine the evidence upon which it is claimed the finding that these purchases were made pursuant to a scheme of Alfred and Alrick to defraud the creditors of the former. That evidence was, that Alrick resided in Utica; was the brother of Alfred, who resided in Rochester. That Alrick was present at the execution of the assignment by Alfred. There was no proof that he advised the making of the assignment, or in any manner influenced or interfered therewith, or with the assignees, except only that he became a subscribing witness to its execution. That he purchased the property at the sales for less than its value. That after he became the owner, Alfred acted as his agent in respect to a portion of the property. That upon the sale of two or three parcels of the property, he told those having incumbrances thereon junior to those upon which the sales were made, that if they refrained from bidding he would arrange their claims in case he became the purchaser. That such persons did refrain from bidding. That after he became the purchaser he did arrange their demands. It is obvious that there is nothing in any of the above proof, except the acts of Alrick at the last sales referred to, having any tendency to show that he had formed any scheme to defraud the creditors of Alfred, or that he was acting in making purchases when there was no interference with the bidders, in pursuance of any such scheme. In the instances where the evidence tends to show that he did interfere with the bidders and prevent competition, the sales may perhaps be avoided by the creditors of Alfred; but there has been no finding by the referee expressly as to such interference nor as to the effect, if any, thereby produced upon the price for which the property was sold. The effect, if any, given to this evidence by the referee was to base thereon his finding that in all the purchases made by Alrick he was acting in pursuance of a scheme formed between him and Alfred to defraud the creditors of the latter. These acts of Alrick justified no such finding. They could not affect the title of Alrick to any property purchased

by him at sales, when he did not at all interfere with the biddings or bidders. The finding that Alrick acted in acquiring the title to all the property purchased by him in pursuance of a scheme to defraud the creditors of Alfred was without evidence, and therefore an error of law, for which the judgment as to him should be reversed and a new trial ordered. I have not examined the question as to the effect of the interference with the bidders to prevent competition upon the title of the parcels purchased by Alrick at sales where such interference by him occurred, for the reason that that question is not necessarily involved in the determination of the case, and may much more properly be considered and determined after a finding of facts showing the extent and effect of any such improper interference.

Lott, Sutherland, Foster, JJ., and Earl, Ch. J., concurred with Ingalls, J., for entire reversal.

Hunt, J., concurred with Grover for reversal as to appellant, Alrick Hubbell, and affirmance as to the assignment.

Smith, J., did not vote.

Judgment reversed and new trial ordered.