Rapallo, J.
 

 The remedy of the defendant for the refusal of the referee to insert in the case the matters proposed by him, was not by appeal from the decision, made by the referee on the settlement of the case. No such appeal is known in practice, or authorized by any law. It could not, therefore, be entertained at the General Term, nor can it here. The proper remedy was by motion to the court below, before the argument of the appeal from the judgment, to compel the referee, in settling the case, to insert such part of the proposed matter as related to the points or claims alleged to have been actually made upon the trial before him, and to send the case back to him for further findings, if it should be made to appear that they were necessary to a proper review of the judgment.
 
 (Van Slyke
 
 v.
 
 Hyatt,
 
 decided by this court April 11, 1871; not reported.) That branch of the order of July 6, 1867, which directs a re-settlement of the case, was clearly not appealable to this court.
 

 When this case was before us on the defendant’s motion for a further return, we denied the motion for the reason that the matters sought to be inserted in the return were not before the General Term on the argument there, and it would not have been proper to review the judgment here on dif
 
 *409
 
 fercnt papers from those on which it was pronounced in the court below. The counsel for the defendant has made strenuous efforts in the court below, and here, to have his proposed findings, conclusions and points inserted in the judgment roll or case, but we think that he has throughout labored under a misapprehension as to the proper course to be pursued for the purpose of preparing his case for review, and as to the effect of inserting in the case the matters which he has endeavored to have inserted. If any requests made upon the trial, to find facts or conclusions of law, were improperly omitted by the referee in settling the case, that omission could only be remedied by a motion for a re-settlement. The introduction in the judgment roll of papers showing that the referee had on the settlement of the case improperly refused to allow parts of the proposed case, would raise no question which could be considered on appeal from the judgment. If or would the insertion in the judgment roll of the defendant’s proposed findings and conclusions of law, which were excluded from the case on the settlement, have been of any service to the defendant on the appeal from the judgment. They do not even purport to be requests to find facts or conclusions favorable to the defendant, which were refused, but consist of a complete set of findings and conclusions, which the defendant proposed in lieu of those contained in the report, embracing exceptions to such of the proposed findings and conclusions as were adverse to the defendant. A party cannot require a referee to find facts and conclusions of law against him in such form as he may frame, and to allow exceptions to such adverse findings and conclusions. If such a practice were adopted, no judgment entered upon the report of a referee could stand. Those findings and conclusions were proposed as an entirety, and accompanied by an amendment striking out the findings and conclusions contained in the report. If all these proceedings were spread upon the record, the refusal of the referee, on the settlement of the case, to adopt the findings and conclusions prepared
 
 *410
 
 by the defendant, as a substitute for his own, would not avail the defendant on the appeal from the judgment.
 

 The motion to dismiss the appeal from the order of July, 1867, should be granted with ten dollars costs.
 

 All concur.
 

 Appeal dismissed.