PARSON P. MEACHAM et al., Assignees, etc., Respondents, *v.* WILLIAM BURKE, Appellant.

It is the duty of a referee, if requested so to do, to pass one way or the other upon every question of fact involved in the determination of a material issue, whether the evidence be conflicting or uncontradicted, and a refusal so to do is error which many be reached and corrected by application to the court to send the case back to the referee for specific findings upon such questions.

As a foundation for such application, it is the duty of the party to request the referee specifically to find such facts and conclusions as shall, upon the evidence, be regarded as material to the issue.

Should the application be denied, the materiality of the findings asked for can be determined at General Term or in the Court of Appeals, on appeal from the judgment.

If a referee finds a fact wholly unsupported by evidence, or refuses to find a fact which the uncontradicted evidence establishes, it raises a simple question of law, which may be dealt with in the ordinary form in the court of last resort.

(Submitted March 12, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the seventh judicial district, affirming a judgment in favor of plaintiffs, entered upon the report of a referee.

This was an action upon accounts assigned to plaintiff. The defence was a denial, payment and various set-offs. The evi-

dence was conflicting upon the trial upon the issues presented. The defendant's counsel presented various requests for the court to find, embracing all the questions in controversy. The referee refused to find specifically, but his report simply contained a general finding that plaintiffs were assignees of the accounts stated in the complaint, and that defendant was indebted thereon $532.50, for which he directed judgment. Judgment was entered accordingly.

*William B. Mills* for the appellant.  Upon the facts found by the referee, no conclusions of law could be predicated. (*Buckingham* v. *Payne*, 36 Barb., 81 ; *Lefler* v. *Field*, 33 How., 385.)  It was error for the referee to refuse to find the facts upon which he based his conclusions of law. (*Beck* v. *Sheldon*, 48 N. Y., 365 ; Code, §§ 267, 268, 272 ; *Buckingham* v. *Payne*, 36 Barb., 87 ; *Mason* v. *Lord*, 40 N. Y., 476 ; *Putnam* v. *Hubbell*, 42 id., 106 ; *Grant* v. *Morse*, 22 id., 323 ; *Marvin* v. *Ingles*, 39 How., 329.)

*Hamilton Burdick* for the respondents.  Defendant's exceptions to the referee's report lacked the essential of definiteness, and are not available to him on this appeal. (1 N. Y. Pr., 586 ; *Ingersoll* v. *Bostwick*, 22 N. Y., 425.)  Defendant's requests to the referee to find as conclusions of fact were untenable on this appeal. (*Cady* v. *Allen*, 18 N. Y., 573.) Defendant having failed to procure such a statement of facts as necessarily showed the law to be in his favor and not error of law appearing, the judgment must stand. (*Grant* v. *Morse*, 22 N. Y., 323 ; *Phelps* v. *McDonald*, 26 id., 82.)

REYNOLDS, C.  The report, or findings, of the referee in this case, did not conform to the requisitions of the Code, or the established rules of practice.  It is, substantially, a general verdict in favor of the plaintiffs, and it is possible that the rights of the defendant have been in some degree prejudiced by the form of proceeding adopted.  If that even should be so, it is not now in our power to redress the supposed wrong,

if any wrong there be. The law required the referee to find a statement of facts and his conclusions of law separately. He has made a general finding of several controlling facts which authorized the judgment pronounced, and refused to find various other facts which in some form and in a greater or less degree, tended to produce the general result. The courts of appellate jurisdiction have, very properly, for a long time, indulged in very liberal intendments in favor of the correctness of the judgments and determinations of inferior tribunals; and, under our present system of practice, the decisions of a judge without a jury, and those of a referee, have been approved upon very general findings of fact, and even without any finding of facts whatever. (*Veile* v. *The Troy & Boston R. R. Co.*, 20 N. Y., 184.) And it is now entirely well settled, that where a party claims that the facts of the case entitles him to a judgment in his favor, he must procure from the judge or referee such a finding as will affirmatively show that his demand ·for judgment is well founded. (*Grant* v. *Morse*, 22 N. Y., 323.)

It is very obvious that under this rule of practice, a party desiring to submit his case to the judgment of the court of last resort, has commonly a very difficult duty imposed upon him, for, in such a condition of things he is of necessity in greater or less controversy with the referee or the judge who tried the cause, or with the General Term of the court below pronouncing the judgment against him. Whatever differences of opinion have hitherto existed with regard to the appropriate practice to be adopted in order that the legal right of review shall be preserved, I think it must be now regarded as reasonably well settled. In *Van Slyke* v. *Hyatt* (46 N. Y. 259), the Court of Appeals held that the right of a party, in a case tried by a referee, to have separate findings of fact and conclusions of law, was a substantial one, and if refused, the party aggrieved might apply to the court to send the case back to the referee to have the material questions of fact and law specifically passed upon and the report resettled; and should the application be denied, upon an

appeal from the judgment the proceedings to obtain further findings, can be inserted in the record, and the materiality of the findings asked for can be determined at General Term or in the Court of Appeals. This case has been subsequently approved in *Lefler* v. *Field* (47 N. Y. R., 407); *Morgan* v. *Mulligan* (50 id., 665); *Rogers* v. *Wheeler* (52 id., 268); *Quincey* v. *Young* (53 id., 504).

It is unquestionably the duty of the party to request the referee to specifically find such facts and conclusions as shall, upon the evidence, be regarded as material to the issue, as a foundation for any application to the court that may be necessary for the protection of his rights; and I think a referee or judge trying a cause without the aid of a jury, is bound to pass, one way or the other, if requested so to do, upon every question of fact involved in the determination of a material issue, whether the evidence be conflicting or uncontradicted; and a refusal to do so is error, which may be reached and corrected by pursuing the practice before indicated. If he finds a fact against evidence, a General Term of the court may set it aside. If he finds a fact wholly unsupported by evidence, or refuses to find a fact which the uncontradicted evidence establishes, it raises a simple question of law which, if excepted to, may be dealt with, in the ordinary form, in the court of last resort. (*Putnam* v. *Hubbell*, 42 N. Y., 106; *Beck* v. *Sheldon*, 48 id., 365, and cases cited.)

It is, perhaps, sufficient to say further, in this case, that the defendant did not pursue the practice that enables us to afford him any relief, even if he has suffered wrong, which is, at least, very doubtful. It is possible that if he had applied to the Supreme Court for a resettlement of the report of the referee, it might have been different.

I have looked through the case to see if any of the exceptions taken by the defendant, on the trial, to the reception of evidence, could be made available, and I find none that appear tenable. Indeed, all the objections taken are so general that they must be disregarded. No specific reason is assigned for the objection in any case, with possibly one

exception; and we must assume that if any good reason had been given, on the trial, for the objection made, the evidence would have been rejected or withdrawn, or the defect pointed out supplied.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.