# SUPREME COURT.

CHARLES C. GOVE and another agt. HUGH HAMMOND.

*Report of referee — no statement of facts or conclusions of law — irregularity.*

Where on a trial before a referee, where considerable evidence has been given on questions of fact, the referee reports: "I find that the plaintiffs have failed to establish the facts necessary to sustain the complaint. I do therefore find that the defendant is entitled to a judgment dismissing the complaint, with costs," the report is nothing more in substance than a general conclusion that the complaint should be dismissed.

The right secured to a party by statute, to have separate findings of fact and conclusions of law inserted by the referee in his report is substantial.

The proper remedy in such a case is not by motion to set aside the report, but the aggrieved party should move to send the case back to the referee to pass specifically upon the material questions of fact and law which he has failed to pass upon, or to resettle his report.

And on such application, it is necessary for the moving party to show to the court what findings he desires to have inserted in the report, and that such findings are material and necessary to a proper review of the judgment. The order sending the case back to the referee must instruct him as to the questions on which he is required to add findings.

It is also incumbent on the moving party to show to the court that he requested the referee at the trial, or before the submission of the cause to him, to specifically find such facts and conclusions of law as he seeks by his motion to have inserted in the report.

*Monroe Special Term, January,* 1875.

THIS is a motion in behalf of the plaintiffs to set aside the report of the referee by whom the cause was tried, for alleged irregularity in this, that the report does not state the facts found by the referee, nor his conclusions of law.

JAMES C. SMITH, *J.* — The action is for goods sold and delivered by the plaintiffs to the defendant under a special

Gove agt. Hammond.

contract, and for freight and express charges on the goods, paid by the plaintiffs at the defendant's request. The answer denies the allegations in the complaint, except the copartnership of the plaintiffs; sets up a counter-claim for damages growing out of the plaintiffs' breach of an alleged agreement to furnish goods of the description mentioned in the complaint, to the defendant to sell for them on commission; and alleges partial payment of the claim set out in the complaint. The counter-claim is replied to.

The findings of the referee, contained in his report are in these words: "I find that the plaintiffs have failed to establish the facts necessary to sustain the complaint. I do therefore find that the defendant is entitled to a judgment dismissing the complaint, with costs."

The motion is made upon the pleadings and report, and an affidavit of the plaintiffs' attorney, which states that at the trial much evidence was given on the issue of the sale and delivery by the plaintiffs to the defendant of the property mentioned in the complaint.

The report is unquestionably insufficient, as it is nothing more, in substance, than a general conclusion that the complaint should be dismissed.

It was said in the case of *Van Slyke* agt. *Hyatt* (46 *N. Y.*, 259, 263), that the right secured by statute to have separate findings of fact and conclusions of law inserted by the referee in his report is substantial, inasmuch as these findings and conclusions, enable the unsuccessful party to determine whether or not to appeal; and in case he desires to appeal, they are indispensable to enable him to frame and serve his exceptions in due time, and to present the case in proper form for review.

But notwithstanding the insufficiency of the report, the present motion must be denied for several reasons:

1. The proper remedy is not a motion to set aside the report, but the aggrieved party should move to send the case back to the referee to pass specifically upon the material

questions of fact and law which he has failed to pass upon, or to resettle his report (*Van Slyke* agt. *Hyatt, sup.*; *Lefler* agt. *Field*, 50 *Barb.*, 407; *S. C. on appeal*, 47 *N. Y.*, 407; *Morgan* agt. *Mulligan*, 50 *N. Y.*, 665; *Rogers* agt. *Wheeler*, 52 *id.*, 262; *Quincey* agt. *Young*, 53 *id.*, 504; *Meacham* agt. *Burke*, 54 *id.*, 217). An opinion has prevailed to some extent, that under Rule 41, the proper course is to apply to the referee for further findings, at the time of settling the case (*See Excelsior Petroleum Company* agt. *Lacy*, 5 *N. Y. S. C. R.*, 305). But the cases above cited seem to indicate very clearly that such opinion is not entirely correct. The effect of that rule upon the practice was considered and declared by the general term in the fourth department, in the case of *Carroll* agt. *The Staten Island R. R. Company* (65 *Barb.*, 32). It was held in that case, that the provision in Rule 41, that "the judge or referee shall at the time of settling the case or exceptions, find (by the recent amendment, *pass*.) on such other questions of fact as may be required by either party, and may be material to the issue," relates to questions of fact only; and is simply directory, and does not authorize the judge or referee to insert in the case new exceptions, or exceptions not in fact taken. In that action, upon the settlement of the case, the defendant's counsel requested the referee to find in respect to a large number of specified questions of fact, and upon the refusal of the referee to do so, the counsel excepted, and such requests and exceptions were contained in the case. The court held that such exceptions were of no validity, and were not properly before the court, on appeal from the judgment.

Although the specific relief asked for in the notice of motion in the present case can not properly be granted, yet, as the notice asks for "other and further relief," I should be inclined to grant the proper order under the general words, if the case made by the moving party were sufficient in other respects.

2. As I understand the practice, on an application to the court for an order sending the case back to the referee for

further findings, it is necessary for the moving party to show to the court what findings he desires to have inserted in the report, and that such findings are material and necessary to a proper review of the judgment (*Van Slyke* agt. *Hyatt, sup. ; per* RAPALLO, *J., p.* 265 ; *Lefler* agt. *Field,* 47 *N. Y.,* 407). The order sending the case back to the referee must instruct him as to the questions on which he is required to add findings (*Rogers* agt. *Wheeler, sup. ; per* GROVER, *J., p.* 268). To that end, it is incumbent on the party to set forth distinctly in his moving papers the several findings which he claims should be contained in the report, and also to state consisely, enough of the case to give the court an opportunity to judge of their materiality. In the case now before me, the moving papers do not specify the proposed findings.

3. I think it is also incumbent on the moving party to show to the court that he requested the referee at the trial, or before the submission of the cause to him, to specifically find such facts and conclusions as he seeks by his motion to have inserted in the report (*Lefler* agt. *Field, in Ct. of App., sup. ; Meacham* agt. *Burke,* 54 *N. Y.,* 217 ; *per* REYNOLDS, *Com., p.* 220 ; *Carroll* agt. *The Staten Island R. R. Company, sup. ; per* E. DARWIN SMITH, *J., p.* 38). Such request is necessary as a foundation for his application to the court. In this respect also, the papers before me are defective.

It may not be inopportune to say here, that the questions of fact upon which a judge or referee may properly be required to pass, are those which relate to material, issuable facts, proper subjects for specific findings, and not those which involve merely collateral circumstances or items of evidence (*Quincey* agt. *Young, sup. ; per* RAPALLO, *J., p.* 507).

Although the defects above mentioned, prevent the granting of relief in the present motion, yet as an absolute denial might operate unjustly upon the plaintiffs, I think it but just and proper to give them leave to make the proper motion above indicated, at the next special term, and as some of the points of practice involved are not well settled, no costs are given.