EXCELSIOR PETROLEUM COMPANY v. LACY.

*Reference — findings on settlement of case — refusal to find — practice on.*

Plaintiff, after an adverse report by a referee, made a case with exceptions, and on the settlement of the same proposed a number of additional findings. To those which the referee did not find the case stated this : "The referee declined so to find, and to such declination appellant duly excepted." Plaintiff thereupon moved that the referee "be required to find for or against all the findings requested." *Held*, that the plaintiff was in position to review on appeal every question, both of law and fact that could properly be raised both as to the effect of the findings and the propriety of the refusals, and an order denying plaintiff's motion was correct.

The practice in relation to refusals by referees to pass upon questions of fact, laid down.

Where a referee declines to find as requested, it must be deemed a ruling that the evidence would not justify such finding, or that it is not material to the issue.

APPEAL by plaintiff from an order at the special term denying a motion that the referee should make certain findings.

The action was brought by plaintiff against Maggie B. Lacy, executrix, etc., of Frederick Lacy, deceased, and others, to recover dividends alleged to have been illegally paid out of the capital of plaintiff. The material facts in relation to the motion mentioned, fully appear in the opinion.

VOL. V, N. Y. REP.— 39

*William H. Dickinson,* for appellant.

*Man & Parsons,* for respondents.

DAVIS, P. J. This case was tried before a referee, who reported in favor of the defendants. The plaintiffs made a case with exceptions, and, on the settlement of the same, proposed to the referee a large number of findings in addition to those contained in his report. The referee passed upon all of the proposed findings, allowing several of them, and declining to allow the others. At the foot of each of the requests which the referee did not find as requested, the case states that "the referee declined so to find, and to such declination appellant duly excepted." The plaintiff thereupon moved, at special term, for an order that the referee "be required to find for or against all of the findings requested by plaintiff on the settlement of the case," which motion was denied, as it is stated in the order, on the ground that it appeared to the court "that the referee has allowed or declined the various proposed findings, and that, therefore, there is nothing to send back to him, he having done all that he was bound to do."

We are of opinion that the order of the special term is correct. By rule 41 of this court it is provided that, upon the settlement of the case, the referee "shall correct and settle the case according to the facts, *and shall, at that time, find on such other questions of fact as may be required by either party and be material to the issue."*

The words above italicised are an amendment of the old rule made by the convention of judges in December, 1870, and they were doubtless inserted to change the practice as to the *time* when additional findings should be asked for, it having been decided in *Lefler* v. *Field,* 50 Barb. 407, that the request for additional findings must be made before the settlement of the case.

I have no doubt that the words "find on" were used in such amendment in the sense of "pass upon," and it may be added that the late convention of judges to revise the rules have substituted the word *"pass"* for the word "find" in the rules, to take effect on the 1st of February, next.

The following is the practice laid down as I think correctly in Wait's Practice (Vol. 3, p. 327). "Should the referee refuse to pass upon questions of fact submitted to him for that purpose and to find affirmatively or negatively the party should as a precautionary measure take an exception to such refusal although such

an exception may not be strictly necessary or available to raise the question for review. See *Grant* v. *Morse,* 22 N. Y., 323 ; *Manly* v. *Ins. Co. of North America;* 1 Lans. 20 ; *Priest* v. *Price,* 3 Keyes, 222 ; *Lefler* v. *Field,* 47 N. Y. 407 ; *Ashley* v. *Marshall,* 29 id. 494 ; *Brooks* v. *Van Every,* 3 Keyes 27.

"The party should thereupon move the court at special term before the argument of the appeal from the judgment for an order directing the referee in settling the case to insert the proposed matter as related to the points or claims alleged to have been actually made on the trial before him, and to send the 'case back to him for further findings if it should be made to appear that they were necessary to a proper review of the judgment. *Lefler* v. *Field,* 47 N. Y. 407 ; *Van Slyke* v. *Hyatt,* 46 id. 259 ; *Brainard* v. *Dunning,* 30 id. 211.

"Upon the application for the order the materiality of the denied findings should be shown to the court. Should the application be denied the proceedings to obtain further findings can be inserted, and upon an appeal from the judgment the materiality of the findings asked for and refused can be determined in the general term, and in the Court of Appeals on a review of the whole case. *Van Slyke* v. *Hyatt,* 46 N. Y. 259."

Under rule 41, the referee is to find on such other facts, etc., "as may be material to the issue." Whether the findings are material to the issue, or not, is a question to be determined primarily by the referee, and where he expressly declines to find as requested that must be deemed a ruling to the effect that the evidence would not justify such finding, or that if found, the fact would not be material to the issue. It is to be presumed that where requests for additional findings are made the party has been careful to insert all the evidence on which he bases the request, and thus to be able to bring to the attention of the court on review both the correctness and the materiality of the request. The appellant asserts that the evidence is in the case upon which the referee should have found in accordance with his requests. If that be so we think he is in position † review in this court every question both of law and fact that can properly be raised both as to the effect of the findings made, and the propriety of the refusals to find.

The order appealed from should be affirmed, but under the circumstances without costs. *Order affirmed.*