By the Court.—Mowell, Ch. J.
The contract was silent as to the time of delivery, and either party could have limited the time by a demand or offer. Omitting to so limit the time, it was a continuing contract, until rescinded by the failure of the defendants to perform.
There was some evidence tending to show some intention or understanding of the parties, that the material was to be delivered before the close of the current year; but it was not of a nature to so limit the time as to excuse a performance afterwards.
The referee has made no finding on that subject. His general finding is, that the plaintiffs have, and that the defendants have not performed the contract. He was not requested to find that the time for the delivery of the materials had by parol been fixed by the parties; and there is no exception by the defendants that will enable them to insist now that the evidence would have warranted such a finding.
The court in reviewing a referee’s judgment can look only at his findings of fact, and if they are sustained by the evidence, the judgment must be affirmed (Anderson v. West, 38 Superior Court Reports, 441).
To raise any other question, there must be a refusal to find.
That presents a question of law which may be examined by the appellate court (Meacham v. Burke, 54 N. Y. 217).
*451 The presumption is that the referee has not alone found all the facts necessary to support his conclusions-of law, but that he has also found all the facts warranted or sustained by the evidence. And if it is claimed that there are other or further facts which there is evidence to support, the attention of the referee must be directed to it. If it is not, the court will not, as was said in Mosher v. Hotchkiss (3 Keyes, 161), explore the evidence to ascertain whether there are not other facts which might have been found, and if found, would have authorized a discussion of the questions now for the first time suggested.
And therefore it is that all the presumptions are, that the findings are in harmony with the conclusions upon all questions, when the evidence is capable of that construction (Morgan v. Mulligan, 50 N. Y. 665).
The general finding, therefore, that the defendants had failed to perform their contract with the plaintiff, is not affected by any evidence which it might have been claimed limited the time of delivery.
Throwing all that evidence, as we must, out of view, it was clearly established that the time of performance was not fixed or limited ; and that until it was fixed, the plaintiff could demand performance. It was also established that he did demand performance, and that performance was refused.
The remaining question is one of damages.
The rule adopted by the referee was correct; viz., the difference between the contract price and the fair market value of the materials.
The error in allowing cartage as part of the damages, was discovered by the respondent soon after the appeal was taken, and he offered to deduct the amount from the judgment. It follows from our view of the whole case, that the appellants ought to have accepted the offer and discontinued their appeal.
We can now, however, modify the judgment by *452 deducting from it the sum of five hundred and forty-three dollars and twenty-four cents, with interest from December 16, 1874, and as modified it should be affirmed, but without costs of the appeal to either party.
Freedman and Sedgwick, JJ. concurred.