J. C. Ross and Another, Respondents, *v.* ROBERT H. INGERSOLL and Another, Appellants.

*Amendment of a proposed case on appeal — powers of the Appellate Division and of the Special Term.*

The Appellate Division has no authority to entertain, as an original application, a motion to have amendments to a proposed case on appeal (allowed by the referee before whom the case was tried) disallowed, and to have other certain proposed amendments to such case granted.

The Special Term cannot compel a referee to settle a proposed case on appeal in a particular way, but may, under proper circumstances, send it back to the referee for resettlement.

APPEAL by the defendants, Robert H. Ingersoll and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of October, 1898, dismissing the defendants' motion to have the amendments to the proposed case on appeal allowed by the referee before whom the case was tried, disallowed, and to have certain proposed amendments to such case granted upon affidavits presented to the court.

*H. B. Kinghorn,* for the appellants.

*Edward Hassett,* for the respondents.

VAN BRUNT, P. J. :

It appears upon the face of the order appealed from that the motion was dismissed for the lack of power to entertain it. There is nothing contained in the papers before us to show that the court

below was called upon in any way to entertain the application set forth in the notice of motion. There is no affidavit in the papers which brought any facts before the court which·called upon it to act. The stipulation of the parties (which under the Code is be taken in lieu of the certificate of the clerk) is to the effect that the printed papers contain true copies of the notice of appeal, order appealed from and of the papers used before the court upon the hearing of the motion upon which the order appealed from was made, and of each and every part thereof; and we cannot assume upon this appeal that this stipulation is false and that other and different papers than those contained in the record were before the court which conferred authority upon it to act.

It would seem from the decision of the court below that it was of the opinion that the application to send the case back to the referee for resettlement should be made to the Appellate Division.˴ It is difficult to see where the Appellate Division gets any authority to entertain any such motion as an original application. The jurisdiction of the Appellate Division is appellate except in those cases in which original jurisdiction is expressly conferred upon it by statute. Such jurisdiction does not extend to the ordinary motions made in the progress of an action. While the court at Special Term cannot compel a referee to settle a case in a particular way, under proper circumstances it has the right to send it back to such referee for resettlement.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.