tiff had collected and received rents in excess of his wages and the expenses paid or incurred by him, and that such excess amounted to more than the deposit with interest.

At the opening of the case a motion was made on behalf of the defendant to dismiss the complaint on the ground that the action was virtually one on an accounting by the plaintiff.   The cases cited in the motion and upon the brief on appeal are Goldberg v. Freeman (Sup.) 92 N. Y. Supp. 237, Frost v. Weehawken Wharf Co., 33 Misc. Rep. 736, 68 N. Y. Supp. 399, and Gutman v. Rogers (Com. Pl.) 13 N. Y. Supp. 891.   An examination of those cases will show that in the first the question of the equitable character of the action was not discussed, but that the court merely held that it was incumbent upon the plaintiff to give prima facie proof of performance of the covenants on his part; that action, like this, being to recover the balance of a deposit made with the defendant.   In the second case, namely, Frost v. Weehawken Wharf Co., supra, it was held that as the complaint did not demand a money judgment simply, but was substantially for an accounting, the court below had no jurisdiction.   In the last case, namely, Gutman v. Rogers, supra, the court held that there was no cause of action, and then, by way of dictum, went on to say that the action attempted was really one in equity and that the City Court in any event had no jurisdiction.   The present case is distinguishable in the fact that here the plaintiff does not seek any accounting, but claims to have fully performed all the obligations incumbent upon him under the contract. The fact that various items of expenditure were drawn into controversy under the issues raised by the defendant's answer did not have the effect in my opinion of changing the character of the action, or of depriving the court of jurisdiction.   A careful review of the evidence satisfies me that the verdict is sustained by the evidence.   In my opinion the case does not contain any exceptions which constitute ground for a reversal of the judgment.

The judgment should therefore be affirmed, with costs.   All concur.

---

BRAUER v. NEW YORK CITY INTERBORO RY. CO.

(Supreme Court, Appellate Division, First Department.   December 24, 1908.)

1. APPEAL AND ERROR (§ 261*)—EXCEPTIONS IN LOWER COURT.
   Where, on objection to counsel's summing up, the judge instructed the jury not to consider the statements and no exception was taken, no question is presented for review.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1500: Dec. Dig. § 261.*]

2. APPEAL AND ERROR (§ 648*) — RECORD—AMENDMENT IN LOWER COURT—AUTHORITY.
   An amendment by the trial court of a case on appeal by striking out exceptions, on the ground that the matter was not worthy of consideration by the appellate court was improperly allowed, as it is not the prov·

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexeɹ

ince of the trial judge to determine what exceptions are or are not proper to be presented to the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2803–2806; Dec. Dig. § 648.*]

3. APPEAL AND ERROR (§ 648*) — RECORD — AMENDMENT IN LOWER COURT—AUTHORITY.

An amendment of a case on appeal striking out exceptions was improperly allowed on the ground that the exception was argumentative, and appellant, having taken the exception, was entitled to have it presented on his appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2803–2806; Dec. Dig. § 648.*]

Appeal from Trial Term.

Action by Fannie Brauer, as administratrix of the estate of Paul F. Brauer, deceased, against the New York City Interboro Railway Company. From an order denying defendant's motion to resettle the case, defendant appeals. Reversed, and case remitted, with instructions.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Bayard H. Ames, for appellant.
Joseph Beihilf, for respondent.

INGRAHAM, J.   This action was to recover damages for personal injuries resulting in the death of the plaintiff's intestate.   Plaintiff had a verdict and the defendant appealed and served a case, to which the plaintiff served amendments.   Upon the settlement of the case, the trial judge allowed certain of the plaintiff's amendments, striking out exceptions taken by the defendant to the summing up of the plaintiff's counsel.   Subsequently the defendant made a motion to restore the summing up and the exceptions taken thereto.   That motion was denied, and the defendant appeals.

These proposed amendments related solely to counsel's summing up. Some of this was improper; but, as the objections in most cases resulted in the instruction by the judge to the jury not to consider the statements, and no exception was taken, there was no question presented for review.   Counsel did except in several instances to the ruling of the court in relation to the summing up, and those exceptions, I think, should be inserted in the case.   In submitting the amendment striking out lines 23 to 31 on page 165 of the case to the trial judge counsel for respondent said that, while there was an exception, the matter was not worthy of consideration by the appellate court.   It is hardly the province of the trial judge to determine what exception would or would not be proper to be presented to the appellate court, and I think that amendment should have been disallowed, as it was conceded that there was an exception, and the appellant was entitled to have the exception presented on his appeal.   The same applies to amendment 122, which was to strike out lines 13 to 33, inclusive, on page 167 of the proposed case.   The counsel for respondent said that, while there was an exception, it was purely argumentative.   I think

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant was entitled to have that exception appear in the record. The same applies to lines 13 to 24, inclusive, on page 171. There counsel took an exception.

I think the order should be reversed and the case remitted to the trial judge, with instructions to disallow those amendments where an exception was taken, with $10 costs and disbursements to the appellant to abide the result of the appeal. All concur.