SIDNEY K. JOHNSON, Plaintiff, v. THE INTERNATIONAL HARVESTER COMPANY OF AMERICA (INC.), Defendant.

Supreme Court, Chenango County, July 8, 1932.

*Ward N. Truesdell,* for the plaintiff.

*McCurn & Farnham,* for the defendant.

PERSONIUS, J. The original complaint alleged a rescission of contract and demanded the return of moneys paid thereunder. On motion of plaintiff, opposed by the defendant, the plaintiff was permitted to serve an amended complaint alleging a cause of action upon the contract. The action was referred to an official referee " to hear and determine." The official referee gave judgment for the plaintiff. The defendant has appealed to the Appellate Division and in the notice of appeal says " that the said defendant appeals from and intends to bring up for review upon this appeal the intermediate order " which allowed the amendment of the complaint. It thereby seeks to review said order. (Civ. Prac. Act, § 580; *Becker* v. *Colonial Life Ins. Co.,* 153 App. Div. 382.)

The defendant, appellant, printed the original summons and complaint and the original answer in his proposed case and exceptions. The official referee ordered " that the original summons and complaint in this action * * * be and the same hereby is stricken from said proposed case on appeal as not being a proper part thereof," and ordered the proposed case settled without said summons and original complaint.

The defendant now moves for an order remitting the case on appeal as settled to the said official referee for " resettlement by including in the case on appeal the original summons and complaint stricken therefrom by the order of said referee * * *."

If the order permitting the service of an amended complaint is reviewable on appeal from the judgment, the original complaint should be included in the case and exceptions. Is it so reviewable? Section 580 of the Civil Practice Act permits the review of " an intermediate order * * * which is specified in the notice of appeal and necessarily affects the final judgment * * *." An

intermediate order is one · " between the two extremes of service of summons and entry of judgment." (*Fox* v. *Matthiessen*, 155 N. Y. 177, 179.) Does this order " necessarily " affect the final judgment? This is not so clear. (Carmody N. Y. Prac. [1923 ed.] § 1133, p. 1160; *Raff* v. *Koster, etc.*, 38 App. Div. 336; *Collins* v. *McWilliams*, 185 id. 712.) These cases hold that an order for a bill of particulars cannot be reviewed on an appeal from the judgment because such order did not necessarily affect the final judgment, but the court said in the *Raff Case* (*supra*, 338): " It is only orders which, if reversed, would take away the foundation of the judgment or make the trial or the judgment entered invalid or without support that can be reviewed on an appeal from the judgment." If the order permitting the service of the amended complaint was reversed and the amendment held improper, would the judgment be " invalid and without support? " No decisive authority has been called to our attention. *Are we to prejudge and prevent the defendant from bringing the question before the Appellate Division?* Refusing to permit the appellant to include in his case the papers necessary to raise the question has that effect. We think the appellant has the right to choose what questions he will present to the Appellate Division and to include in the case and exceptions whatever is necessary to present them. (*Gleason* v. *Smith*, 34 Hun, 547; *New York Rubber Co.* v. *Rothery*, 112 N. Y. 592; *Brauer* v. *New York City, etc., Co.*, 129 App. Div. 384.

The plaintiff, respondent, says that after the amendment to the complaint, the original pleading ceased to be a part of the record. He cites authorities involving the date of issue, demurrers, motions to dismiss, to separately state and number, to sever, to refer, etc. Of course, as to such motions, the original pleading would be superseded but here the appeal goes to the right to amend the complaint. It would be impossible to determine the question without the presence of the original complaint in the record. He also says that if the defendant desired to raise the question that the plaintiff had elected his remedy by his original complaint, such defense was an affirmative one and should have been pleaded. We think that both the necessity of pleading such defense and the effect of the defendant's failure to do so are to be passed upon by the Appellate Division. The defendant is not necessarily urging the election of remedies as an affirmative defense to the amended complaint. It is urging that the order permitting the amendment was erroneous.

We conclude that the original summons and complaint should be included in the return but the question of practice raised by the plaintiff is not so clear.

A referee is authorized to settle a case and exceptions (Rules Civ. Prac. rule 230). If the order of resettlement had been made at Special Term or by a judge out of court, the proper practice would be to appeal (Civ. Prac. Act, §§ 609, 610). There being no appeal from the order of a referee, the defendant urges that the proper and only remedy, where a case is settled by a referee, is to apply at Special Term for an order remitting the case to the referee, with instructions, for resettlement. (*Lefler* v. *Field*, 47 N. Y. 407; *Ross* v. *Ingersoll*, 35 App. Div. 379; *Meacham* v. *Burke*, 54 N. Y. 217, 219, 220.) These cases sustain the defendant's position where the case is heard before a referee appointed pursuant to sections 464 *et seq.* of the Civil Practice Act. Does the same rule apply where the case is heard and the order of resettlement made by an official referee? Since those cases were decided, the Legislature has provided for the appointment of former justices of the Supreme Court as official referees. They have more power than referees appointed under the provisions of the Civil Practice Act. The order of reference herein was made July 6, 1931. By an amendment to section 116 of the Judiciary Law, effective April 23, 1931, the powers of official referees were increased. In addition to the powers conferred by section 469 of the Civil Practice Act upon other referees, an official referee " shall proceed * * * with the same power and authority as a justice presiding at a regular special term of the supreme court and entertain and grant motions for a new trial, grant stays and orders to show cause * * *." Unless the powers specifically enumerated constitute a limitation upon the general power and authority contained in the first part of the quotation (which we think they do not), an official referee has the power and authority of the court at Special Term in all actions referred to him by stipulation or order. The Judiciary Law does not say that he holds a Special Term but it gives him the power and authority to do whatever could be done at Special Terms. Section 609 of the Civil Practice Act authorizes an appeal to the Appellate Division from an order made at Special Term settling or granting or refusing an application to resettle a case. Under this section, cannot an appeal be taken to the Appellate Division from such an order made by an official referee? If it can, the reason for requiring an application to, and an order of, the Special Term directing the referee to resettle a case does not apply to an action heard by an official referee. No reason existing, why should such a motion be necessary? The law should not require a useless formality. Why go around Robin Hood's barn when the doors have been opened to permit going through?

We conclude that the Legislature intended to give official referees

jurisdiction and authority to do, in actions referred to them, whatever a Supreme Court could do at Special Term and in effect to hold a Special Term. It follows that the defendant, appellant, can appeal directly to the Appellate Division from the order of the official referee settling the case and exceptions herein, and that this motion should be denied, with costs to abide the event.

Submit order accordingly.