Robert O. Brink, J.
This is a motion by the petitioner for an order to stay arbitration under sections 1458-a and 49 of the Civil Practice Act on the grounds that the respondents failed to give petitioner timely notice of the accident and that the Statute of Limitations expired before petitioner received a dcipand to arbitrate. Respondents claim that timely notice was given and that the six-year Statute of Limitations of section 48 of the Civil Practice Act, not the three-year period of section 49, applies.
It appears that on August 10,1958, a car in which respondents were riding was struck by a hit-and-run motor vehicle and that the collision caused damages to the respondents.
The insurance contract between petitioner and respondents contains the usual uninsured motorists coverage provisions.
The first issue presented is whether the two questions raised by petitioner in this motion, the first relating to timely notice *784 and the second relating to the Statute of Limitations,' may be decided by this court at all, or whether they should be left for determination by the. arbitrators. ; •' /
It has been held in Matter of Motor Vehicle Acc. Ind. Corp. v. Brown (15 A D 2d 578, 579 [2d Dept., 1961]), that the issue of timely notice was not Avithin the purvioAV of an arbitration clause almost identical to the one involved here and that the question could not be submitted to the arbitrators but must be decided by the court. Mr. Justice Fine of the Supreme Court of Nbav York County reached the same conclusion in Matter of Granese (Motor Vehicle Acc. Ind. Corp.) (26 Misc 2d 646 [Supreme Ct., New York County, 1960]). Compare Matter of Rosenbaum (American Sur. Co. of N. Y.) (11 N Y 2d 310 [1962]) wdiick hold that the factual question of Avhether the claimant was hit by an uninsured motorist was to be tried by a court before the parties proceeded to arbitration.
It now appears to be clear, under the reasoning applied in these cases, that a dispute relating to a claimant’s having given timely notióe bears on Avhether he is legally entitled to recover from the petitioner under the indorsement and not whether he is legally entitled to recover from the owner or operator of the uninsured automobile. This being so, the dispute is not within the scope of the arbitration clause. The dispute should not, therefore, .be submitted to the arbitrators over the objection of petitioner.
A hearing should be held by the court to determine the factual issue of whether timely notice Avas given. Matter of Motor Vehicle Acc. Ind. Corp. v. Brown (15 A D 2d 578, supra). See, also, order of Supreme Court at Special Term, reinstated by the Court of Appeals in Matter of Rosenbaum (American Sur. Co. of N. Y.), (supra).
Assuming that there Avas timely notice given, the next issues are whether this court may consider the Statute of Limitations question and if so, Avhat statute is applicable to respondents’ claims.
In view of section 1458-a of the Civil Practice Act and the legislative history leading to its adoption, it is the opinion of this court that the Statute. of Limitations question may be brought to this court for determination. (See N. Y. State Logis. Annual, 1959, pp.,12, 27.) ">
It is the opinion of this court, further, that both, subdivision 6 of section .49 and section 48 of the Civil Practice Act are applicable, here, but that since the three-year limitation., of subdivision 6 of section 49 is tolled, for the reason discussed *785 below, the six-year period of section 48 governs respondents’ claims.
By the insurance policy petitioner stands in the shoes of the hit-and-run driver for the purpose of determining whether it will be liable to respondents. In order to recover, under the policy, from petitioner, respondents must prove the traditional elements of a negligence cause of action against the hit-and-run driver. (Matter of McGuinness [M.V.A.I.C.], 225 N. Y. S. 2d 361 [Supreme Ct., Queens County, 1962].) The time such action can be commenced against the hit-and-run driver is, therefore, governed by subdivision 6 of section 49 of the Civil Practice Act — three years. (See Blessington v. McCrory Stores Corp., 305 N. Y. 140 [1953].)
Since the hit-and-run driver fled the scene of the accident before his identity could be ascertained and failed to comply with subsection 5-a of section 70 of the Vehicle and Traffic Law he was guilty of a misdemeanor and prevented respondents, here, from commencing any proceeding against him. (People v. Leigh, 19 Misc 2d 675, 676-677 [Police Ct., Village of Mt. Kisco, 1959].)
In all of the circumstances it is inequitable to permit the Statute of Limitations to run against such a person. The cases of Lightfoot v. Davis (198 N. Y. 261 [1910]); Clarke v. Gilmore (149 App. Div. 445 [1st Dept., 1912]) and Dodds v. McColgan (229 App. Div. 273 [1st Dept., 1930]) evidence a trend away from the, rigors of Engel v. Fischer (102 N. Y. 400 [1886]), decided before the 1888 false name amendment (L. 1888, ch. 498) to what is now section 19 of the Civil Practice Act. These cases hold, in effect, that there is an implied exception to the Statute of Limitations where a party wrongfully conceals material facts which prevent discovery of his wrong and that such a person will not be allowed to take advantage of his own wrong by setting up the statute.
Certainly the principal rule of these cases is just as applicable to the instant case, where the hit-and-run driver violates a penal statute in failing to reveal his identity, as it is to the forgoing cases, where the defendants had concealed facts which would have permitted a suit against them. (See 2 Wood, § 249 et seq. and § 276f(1) et seq. Limitation of Actions, [4tli éd., 1916].)
Subdivision 6 of section 49, while applicable, is tolled during the period the hit-and-run driver conceals his identity.
Respondents’ claims against petitioner arise out of contract. They are, therefore, limited by the six-year period of section *786 48. Inasmuch as their claim against it was commenced within this six-year period, they are not barred by any Statute of Limitations.
Petitioner’s motion is denied pending the outcome of a hearing on the issue of timely notice, which may he had upon application of either party.