Robert O. Brink, J.
This is a motion for the resettlement of two orders entered on August 3, and September 26, 1962. Petitioner herein, brought on a motion for a stay of arbitration pursuant to section 1458-a of the Civil Practice Act on March 16, 1962, The petitioner in that motion presented two grounds for granting the stay: (3) The Statute of Limitations had expired prior to respondents’ filing of a demand for arbitration; (2) the respondents had failed to file a sworn statement with the insurance company setting forth the occurrence of the accident.
A decision was handed down on August 1, 1962 in which the court stated: “ Petitioner’s motion is denied pending the outcome of a hearing on the issue of timely notice, which may be had upon application of either party.” (39 Mise 2d 782, 786.) An order was filed on August 3,1962, which, in substance, stated that the motion on the question of the Statute of Limitations was denied, and the motion on the question of filing was denied pending the outcome of a hearing on the issue of timely notice. Such hearing was held on August 28, 1962 upon application of the respondents.
On September 21, 1962 this court rendered a second decision making certain findings of fact that the petitioner had waived, as a matter of law, any breach of the timely notice condition. The court said: “It is the decision of this court that petitioner’s motion should now be denied on all grounds ” (39 Mise 2d 786, 788.) The second order was filed on September 28, 1962 stating that the motion for a stay of arbitration on the grounds of failure of respondents to give timely notice ivas denied.
Petitioner in this action filed a notice of appeal from the order dated September 28, 1962, on October 4, 1962. On October 24, 1962, within 30 days of the September 28 order, petitioner filed an amended notice of appeal for the purpose of including the August 3, 1962 order.
Petitioner brings this motion to resettle the order, to remove any doubts concerning the timeliness of the appeal as to the August 3 order.
The respondents, in the present proceeding, argue that the August 3, 1962 order was final on the Statute of Limitations question, and since no appeal was taken therefrom within 30 days, the petitioner is now foreclosed from resettling the order with the intent of including the August 3 order therein.
Section 631 of article 41 of the Civil Practice Act provides that an appeal may be taken from an order, affecting a substantial right, made in a special proceeding at a Special Term of the Supreme Court. Section 1459 of the Civil Practice Act provides *790 that arbitration is a special proceeding. A proceeding' to stay arbitration falls within the scope of section 631. (Prashker, New York Practice [4th ed., 1959], p. 1005.) .(See, also, Matter of Marchant v. Mead-Morrison Mfg. Co.. 252 N. Y. 284, motion for reargument denied 253 N. Y. 534, appeal denied 282 U. S. 808 [1930] specifying an order for the specific performance of an agreement to arbitrate as a special proceeding.)
Section 580 of the Civil Practice Act reads: 1 ‘ An appeal taken from a final judgment or from a final order in a special proceeding brings up for review an interlocutory judgment or an intermediate order as the case may be, which is specified in the notice of appeal and necessarily affects the final judgment or order; and which has not already been reviewed, upon a separate appeal therefrom, by the court or the division or term of court to which the appeal from the final judgment or order is taken * * *. The right to review an interlocutory judgment or an intermediate or other order, as prescribed in this section, is not affected, by the expiration of the time within which a separate appeal therefrom might have been taken.”
The question now to be decided is whether the August 3 order may be considered an “ intermediate order ” within the meaning of section 580. If so, then although the time to take a separate appeal from that order had expired, the question might be reviewable with the September 26 order.
An “intermediate order” is defined in Fox v. Matthiessen (155 N. Y. 177, 179, revg. 84 Hun 396 [1898]) as an order which is “ between the two extremes of service of summons and entry of judgment.” Section 580 refers to a “final judgment or order ”, thereby equating the two for purjmses of section 580. An “ intermediate ” order would, therefore, be one between the commencement of the special proceeding and the final order determining that proceeding. An order in an arbitration proceeding to arbitrate, or conversely, to stay arbitration, is one that finally determines a special proceeding, and is separate and distinct from the arbitration which may follow. (Marchant v. Mead-Morrison Mfg. Co., supra.) Thus, the order of September 26, 1962 which finally determined the motion for a stay of arbitration was a final order within the meaning of section 580. The order of August 3, 1962 was an ‘ ‘ intermediate ’ ’ order and could, therefore, be appealed from in conjunction with the September 28 order, providing it “ necessarily affects the final judgment or order.” Had the decision with respect to the Statute of Limitations been contrary, the present final order would not have been entered. Hnder this test, as stated in Fox v. Matthiessen (supra) the August 3 order necessarily affects the *791 final order. Since tlic 1 £ intermediate ’ ’ order was not reviewed upon a separate appeal, this court is of the opinion that petitioner should now have the opportunity to appeal it in conjunction with the September 28 order.
Reason favors the position of petitioner that the August 3, 1962 order was not final. As the court said in Gleason v. Northwestern Mut. Life Ins. Co. (113 App. Div. 186, 190 [1st Dept., 1906]): " And if, as stated by Chief Judge Parker, considering the provisions of section 1316 [present § 580] of the Code of Civil Procedure in Fox v. Matthiessen (supra), ‘ the object of the statutory provisions on this subject is to prevent multiplicity of appeals in the same action, ’ it seems reasonable that but one record should have been made on appeal in this case.”
It would be unreasonable to take a narrow view of what constitutes an £ £ intermediate ” order, where a litigant would be deprived from reviewing an appeal on a decision decidedly affecting his rights. This is especially true where the opposing party has not been misled and all parties have acted in good faith. (Pfeffer v. Buffalo Ry. Co., 4 Misc. 465, affd. 144 N. Y. 636 [1894]; Jellinghaus v. New York Ins. Co. (5 Bosw. 678 [Superior Ct., City of N. Y., 1860].)
To review an order in a special proceeding, it must also be held to affect a substantial right (Civ. Prac. Act, § 631). It cannot be denied that the right to plead the Statute of Limitations is substantial, since in the event a shorter time limit were held to apply, the petitioner would not have been forced to arbitrate.
Had petitioner attempted to include the August 3 order in the notice of appeal over 30 days after the September 28 order, it would have been too late. (Sobel v. Sobel, 234 App. Div. 98 [1st Dept., 1931].) Here, however, the amended notice was brought within 30 days after the final order and was, consequently, timely.
Although it seems apparent that the petitioner is not precluded from appealing on said intermediate order, and it further being apparent that it was not the intention of the court to make a final determination of the proceeding under the order dated August 3, nevertheless, to remove any possible question of ambiguity in the wording of the orders, it is the decision of this court that petitioner’s motion be granted to resettle the orders of August 3 and September 28, for the purpose of clarification upon appeal, in accordance with the proposed orders submitted to the court by the petitioner.