Argued and submitted April 23, affirmed August 25,
reconsideration denied September 29,
petition for review allowed November 16, 1982 (294 Or 149)

STATE OF OREGON,
*Respondent,*

*v.*

SIDNEY DARRELL MONTGOMERY,
*Appellant.*

(No. 10-80-08065, CA A20185)

650 P2d 111

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Gary, Solicitor General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Richard David Wasserman, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant, convicted of burglary in the first degree, assigns error only to the trial court's denial of a transcript for purposes of appeal at state expense. We affirm.

The sentencing order was entered on January 20, 1981. The Public Defender was appointed to represent defendant on appeal, and a notice of appeal from the judgment was filed on February 19, 1981. Defendant sought a transcript of the trial court proceedings at state expense, pursuant to ORS 138.500(2). On the basis of the statement of trial counsel that the only errors potentially appealable concerned two instructions given, the trial court granted a transcript limited to the jury instructions and exceptions to those instructions.

Defendant twice filed supplemental affidavits in support of requests for the entire transcript and twice filed alternative writs of mandamus in the Supreme Court after the circuit court had denied the transcript. The writs were denied without comment. Defendant then filed a petition for writ of certiorari in the United States Supreme Court. That petition was also denied. On January 6, 1982, the Public Defender indicated to this court that it could not complete the appeal without a transcript of the trial court proceedings. We directed the Public Defender to proceed nonetheless.

The brief submitted on defendant's behalf, however, does not assign error to any of the proceedings leading to defendant's conviction of the burglary charge. The only assignment of error is the denial of the transcript. Defendant contends that he cannot proceed on appeal without the transcript and that this court must either grant his request for a transcript or vacate his conviction, because he has been denied his right to appeal and his right to effective assistance of counsel.

The determinative issue is whether defendant may seek review of an order denying a transcript in an appeal from the judgment of conviction. ORS 138.040 provides in pertinent part:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court * * *. Upon an appeal * * * any decision of the court in an intermediate order or proceeding may be reviewed. * * *."

It is apparent that the order denying a transcript is not an "intermediate" order under ORS 138.040. That statute does not provide for review of subsequent orders of the trial court in an appeal taken from the judgment on a conviction. The only issue raised by defendant on appeal not being properly before us, we affirm.

Our ruling that the denial of a transcript is not appealable under ORS 138.040 may decide this case, but it is of no help to counsel or the parties caught up in the problem. The fact is that the conundrum represented by the denial of all or a portion of a transcript has turned into a shell game. *See State ex rel Acocella v. Allen,* 288 Or 175, 604 P2d 391 (1979). We think it is time to reveal under which shell the pea is hidden.

The decision as to how much of a transcript may be obtained by an indigent defendant on appeal is entrusted to the trial court. ORS 138.500(2); *State ex rel Acocella v. Allen, supra.* The trial judge's authority to deny a transcript, however, is significantly limited by constitutional constraints. *State ex rel Acocella v. Allen, supra; Griffin v. Illinois,* 351 US 12, 18, 76 S Ct 585, 100 L Ed 891 (1956); *Draper v. Washington,* 372 US 487, 495-98, 83 S Ct 774, 9 L Ed 2d 899 (1963); *see also Mayer v. City of Chicago,* 404 US 189, 194, 92 S Ct 410, 30 L Ed 2d 372 (1971).

The process by which the transcript is prepared and settled, and under which requests to augment the transcript are made and decided, is provided in ORS 19.029 and 19.078 to 19.098. These statutes are made applicable to criminal appeals by ORS 138.185. The process covered by these statutes occurs after notice of appeal has been filed; the trial court's authority is therefore residual and limited. *See* ORS 138.185; ORS 19.033.

The settling of a transcript or the denial of all or a part of a transcript are all final orders made after judgment. *See* ORS 19.078. It may be that in some cases, as here, that order will, in the view of a defendant, deny him a substan-

tial right by unreasonably impairing his ability to prosecute an appeal. If, as we today hold, he cannot raise this matter on direct appeal from the judgment in the case, how then is the matter to be raised?

The matter is not free from doubt, but we believe ORS 19.010(2)(c) applies. That statute permits appeal of

"* * * [a] final order affecting a substantial right, and made in a proceeding after judgment or decree."

An order denying all or part of a transcript certainly fits within the statutory definition. We say the question is "not free from doubt" only because ORS 138.040, the statute authorizing appeals by criminal defendants, makes no reference to orders denying transcripts or, indeed, to *any* order made after judgment. However, we are persuaded of the correctness of our proposed solution by the language of another statute, ORS 138.020:

"Either the state or the defendant may as a matter of right appeal *from a judgment* in a criminal action in the cases prescribed in ORS 138.010 to 138.300, and not otherwise." (Emphasis supplied.)

As we have already demonstrated, an order denying a transcript is not a part of or subsumed in a judgment. The time frame in which appeals must be filed—30 days, except in certain narrowly defined circumstances *(see* ORS 138.071), makes it clear that the entire thrust of ORS 138.010 to 138.300 is aimed at criminal judgments *and the proceedings that led to them.* These statutes do not contemplate *post-judgment* matters, save to the extent already referred to in ORS 138.185. The "and not otherwise" phrase in ORS 138.020, viewed in the context of ORS 138.010 *et seq,* thus refers only to proceedings leading up to and including the judgment. In our view, then, the provisions of ORS 19.010(2)(c) are available to a defendant to appeal separately a *post*-judgment order of a trial court, assuming that that statute's definitions are otherwise met.

The process that we have suggested—a separate appeal from an order limiting a transcript after a defendant has already appealed from his conviction—is regrettably cumbersome. It may, for instance, engender a significant motion practice in this court, with defendants asking that their direct appeals be held in abeyance until the

transcript issue is resolved. Legislation amending ORS 138.040 could remedy that and would be welcome. For the time being, however, we believe that the process that we have outlined is the one that must be followed.

Affirmed.