Argued and submitted December 2, 1982, remanded January 18, petition for rehearing denied February 23, 1983

## STATE OF OREGON,
*Respondent on review,*

*v.*

## SIDNEY DARRELL MONTGOMERY,
*Petitioner on review.*

(CA A20185, SC 28955)

657 P2d 668

David E. Groom, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the brief and petition for review was Gary D. Babcock, Public Defender, Salem.

Richard Wasserman, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Lent, C.J., and Linde,** Peterson, Campbell, Roberts, and Carson, Justices.

## PETERSON, J.

---

** Linde, J., did not participate in the decision of this case.

## PETERSON, J.

This case presents a question of appellate criminal procedure: How does an indigent defendant obtain appellate review of a post-judgment circuit court order denying him a verbatim transcript at state expense? The defendant was convicted by jury of burglary in the first degree and was sentenced on January 20, 1981. On February 19, 1981, the defendant filed a notice of appeal. On March 9, 1981, the trial court granted defendant a partial transcript consisting only of jury instructions and the exceptions thereto. Defendant then moved the trial court for a transcript of the trial testimony to be provided at state expense. This motion was denied on March 12, 1981. On April 13, 1981, defendant petitioned this court for a writ of mandamus to compel the trial court to grant his motion for a more complete transcript. In the exercise of our discretion, Or Const Art VII, § 2, we denied defendant's petition on June 17, 1981. Defendant then moved the trial court again for an order granting a transcript of testimony. On July 20, 1981, the circuit court again denied defendant's request for a transcript at state expense. On August 3, 1981, the defendant petitioned this court for a second writ of mandamus. We denied the second petition for a writ of mandamus. Defendant then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on December 14, 1981.

On January 6, 1982, the Public Defender who was representing the defendant advised the Court of Appeals that he could not process the appeal without a transcript of testimony. The Court of Appeals directed the Public Defender to proceed with the appeal. The defendant assigned as error only the denial of a transcript by the circuit court. The Court of Appeals affirmed. *State v. Montgomery*, 58 Or App 630, 650 P2d 111 (1982).

ORS 138.040 concerns appeals from convictions and provides, in pertinent part, "The defendant may appeal to the Court of Appeals from a judgment on a conviction in a * * * circuit court * * *. *Upon an appeal * * * any decision of the court in an intermediate order or proceeding may be reviewed.*" (Emphasis added.) The Court of Appeals held

that the order denying a transcript was not an "intermediate order" and was not reviewable upon an appeal from the judgment of conviction under ORS 138.040.

In dictum, the Court of Appeals stated that the defendant should have filed a notice of appeal from the order denying his motion for a transcript; that such an order was appealable under ORS 19.010(2)(c). We allowed review to consider how, if at all, a defendant could obtain appellate review of the circuit court's denial of a transcript.

■ It is important to distinguish between orders from which an appeal may be taken and orders which are reviewable on appeal. *Appealability* is not identical with *reviewability.*

Normally, appeals are governed by statutes which set forth when, if and how an appeal may be taken. ORS 138.040 is illustrative. It states that a defendant "may appeal to the Court of Appeals from a judgment of conviction." The appealable order is the judgment of conviction. ORS 138.040 also tells us what orders are *reviewable* after an appeal is taken:

"Upon an appeal * * * any decision of the court in an intermediate order or proceeding may be reviewed."

■ ORS 19.140 concerns *reviewability* of orders in noncriminal cases. It contains language similar to the language found in ORS 138.040 and provides, in part, "Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from." *Appealability* generally is concerned with whether an appeal can be taken at all. Usually, but not always, appeals lie only from final judgments and orders. *Reviewability* generally involves the consideration of a variety of rulings and orders made by the court, usually before judgment. Generally, a party seeking review of an order or ruling must have made an appropriate motion or objection in order to lay a foundation for appellate review.

The parties have suggested various ways of obtaining appellate review of an order denying a transcript. The defendant argues that the order denying the transcript is

reviewable upon an appeal from the judgment as an "intermediate order" under ORS 138.040, even though the order was entered after the judgment of conviction. The Court of Appeals, in dicta, suggested that a defendant who has been denied a transcript should appeal from the denial of the transcript under ORS 19.010(2)(c), which provides:

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

Mandamus, ORS 34.110-.240, is arguably an appropriate method of obtaining appellate review of the post-judgment trial decision to deny a transcript. Finally, ORAP 6.15 provides for a motion to supplement the record: "The appellate court, on motion of a party or on its own motion, may order * * * that portions of the oral proceedings be transcribed, certified and transmitted to it." We now examine each of these four methods of procedure.

## ORS 138.040

The defendant asserts that an order made after judgment which denies his motion for a transcript at state expense is an "intermediate" order which may be reviewed on an appeal from the judgment. Defendant does not assert that the order denying the transcript is *appealable,* he merely claims that it is *reviewable* upon an appeal from the judgment. This court has recognized the distinction between reviewability and appealability in previous cases. In *State v. Evans,* 98 Or 236, 237, 193 P 927 (1920), this court recognized this distinction, writing:

"An order denying a motion for a new trial is of course not appealable; for, if reviewable at all, it can only be reviewed by an appeal from the judgment against which the motion was directed. The order denying the motion is reached by appealing from the judgment rendered in the case."

In *State v. Endsley,* 214 Or 537, 542, 331 P2d 338 (1958), this court discussed the reviewability and appealability of a denial of a motion in the nature of coram nobis. We wrote:

"* * * If it be proper to term the order in this case an 'intermediate' order * * *, still, it is not for that reason an appealable order, but, at most, only such an order as the court is authorized to review on an appeal from the judgment. * * *" *Id.* at 542.

■ "Intermediate order" within the meaning of ORS 138.040 means an order made before judgment. *See State v. Caruso,* 289 Or 315, 320, 613 P2d 752 (1980) (dictum). An intermediate order is "[a]n order made between the commencement of the action and its final determination, incident to and during its progress, which does not determine the cause but only some intervening matter relating thereto." Black's Law Dictionary 732 (rev. 5th ed 1979). Normally, the final determination of a criminal action is the judgment of conviction or acquittal. An order coming after judgment is not an intermediate order. *Application of Nationwide Mutual Insurance Co.,* 39 Misc 2d 782, 241 NYS2d 589, 597 (1963); *Johnson v. International Harvester Co. of America,* 144 Misc 521, 258 NYS 865, 866 (1932). The Court of Appeals properly held that ORS 138.040 does not authorize review of the trial court denial of a transcript.[1]

## ORS 19.010(2)(c)

The Court of Appeals opined that the order denying the transcript was appealable under ORS 19.010(2)(c). 58 Or App at 634. While the "intermediate order" clause of ORS 138.040 presents a question of reviewability, ORS 19.010(2)(c) presents a question of appealability.

■ ■ ORS 138.010 provides, "The only mode of reviewing a judgment or order in a criminal action is that prescribed by ORS 138.010 to 138.300." We have repeatedly

---

[1] There exists a body of law holding that a denial after judgment of a motion for a new trial may be reviewed upon an appeal from the judgment, where the motion is based upon juror misconduct or newly discovered evidence. *Klemgard v. Wade Seed Co.,* 217 Or 409, 420, 342 P2d 757 (1959); *Benson v. Birch,* 139 Or 459, 466-68, 10 P2d 1050 (1932); *Estate of Gerhardus,* 116 Or 113, 118, 239 P 829 (1925); *State v. Evans,* 98 Or 236, 237, 193 P 927 (1920). *See also* ORS 136.535; ORCP 64A, B, D-G. Our holding today should not be taken to undercut this body of law.

The better practice in such case would be to file a separate notice of appeal from the judgment (ORS 19.010(2)(a)) and from the order denying the motion for a new trial based upon juror misconduct or newly discovered evidence (ORS 190.010(2)(c)).

held that unless the statutes otherwise provide sections of the civil code in reference to appeals do not apply to criminal actions. *Welch v. Gladden,* 253 Or 228, 232, 453 P2d 907 (1969); *State v. Endsley,* 214 Or 537, 540, 331 P2d 338 (1958); *State v. Rosser,* 162 Or 307, 320, 87 P2d 783 (1939) (reinstating appeal); *State v. Archerd,* 144 Or 309, 310-11, 24 P2d 5 (1933); *State v. Berger,* 51 Or 166, 167, 94 P 181 (1908); *State v. Ellis,* 3 Or 497, 498 (1869). ORS 19.010(2)(c) does not apply to criminal appeals. The Court of Appeals erred in stating that a post-judgment order denying a motion for a transcript was appealable under ORS 19.010(2)(c).[2]

## ORS 34.110-.240 (Mandamus)

Defendant has twice petitioned this court for a writ of mandamus to compel the circuit court to grant a full verbatim transcript at state expense. Twice we denied his petition for a writ of mandamus. Our denials of defendant's petitions were proper under ORS 34.110, which provides in part, "The writ [of mandamus] shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." As discussed below, defendant has an adequate remedy in the ordinary course of the law by way of a request for a transcript under ORS 138.500(2), followed by a motion to supplement the record under ORAP 6.15. Thus, mandamus will not lie to compel the trial court to grant the defendant's ORS 138.500(2) request for a transcript.

## ORS 138.500(2) and ORAP 6.15

ORS 138.500(2) provides:

"(2) Whenever a defendant in a criminal action or a petitioner in a proceeding pursuant to ORS 138.510 to 138.680 has filed a notice of appeal from an appealable adverse final order or judgment of a circuit court or district court and such person is without funds to pay for a transcript, or portion thereof, necessary to present adequately the case upon appeal, such person may request the circuit court or district court to order such transcript, or portion thereof, furnished to the person. The request shall

---

[2] *Compare* ORS 138.185, which incorporates provisions of the civil code regarding the preparation and transmission of the record, loss of the record and powers of a successor judge.

be in writing and shall include a brief statement of the assets, liabilities and income in the previous year of such person. Upon receiving such request, the circuit court or district court shall order furnished to such person such portion of the transcript as may be material to the decision on appeal, if the circuit court or district court finds that such transcript or portion thereof is necessary and that such person is unable to pay for it. The cost of such transcript shall be in the amount prescribed in ORS 21.470 and paid for as provided in subsection (3) of this section."

The Court of Appeals was aware of the absence of any specific authorization for an appeal of an adverse ruling on a motion filed under ORS 138.500(2), stating, "The fact is that the conundrum represented by the denial of all or a portion of a transcript has turned into a shell game." 58 Or App at 633. After holding that relief was available under ORS 19.010(2)(c), the Court of Appeals invoked legislative assistance, saying:

"The process that we have suggested—a separate appeal from an order limiting a transcript after a defendant has already appealed from his conviction—is regrettably cumbersome. It may, for instance, engender a significant motion practice in this court, with defendants asking that their direct appeals be held in abeyance until the transcript issue is resolved. Legislation amending ORS 138.040 could remedy that and would be welcome. For the time being, however, we believe that the process that we have outlined is the one that must be followed."[3] 58 Or App at 634-35.

The Court of Appeals recognized that its "solution" was cumbersome. It would involve two appeals, with defendants asking for stays pending resolution of the transcript issue. A motion under ORAP 6.15 strikes us as being appropriate to the situation, a simple and unburdensome way of proceeding. Aside from the fact that ORS 19.010(2)(c) is inapplicable, proceeding thereunder would involve two appeals, two proceedings with briefs and oral

---

[3] The lack of clarity in the statutes as applied to this situation cries out for legislative action. The legislature should tell Oregon appellate courts and the bar how to obtain appellate review of the denial of a transcript under ORS 138.500(2). The legislature might also consider adding to chapter 138 a provision tantamount to ORS 19.010(2)(c). A specific statute dealing with transcript denials under ORS 138.500(2) would be helpful.

argument, and separate motion practice in the Court of Appeals to hold appeals in abeyance until the transcript issue is solved, or to consolidate the appeals. *State v. Montgomery,* 58 Or App at 634. If the defendant prevailed on the transcript question, that appeal would be remanded for the preparation of a transcript. Meantime, the appeal from the judgment of conviction would languish.

As stated above, we believe that ORS 19.010(2)(c) is not applicable. We see an available, workable solution to the problem in ORAP 6.15, which provides, in pertinent part, "The appellate court, on motion of a party * * *, may order * * * that portions of the oral proceedings be transcribed, certified and transmitted to it."

ORAP 6.15 allows for a simple motion in the Court of Appeals to resolve the transcript issue. No motion to hold the appeal in abeyance in the Court of Appeals would be necessary if a motion under ORAP 6.15 is filed because ORAP 9.30 provides that a motion to supplement the record tolls the time for the next event in the appellate process until the court disposes of the motion.

We are sensitive to the workload of the Court of Appeals. We do not believe that this solution would create any greater workload than the solution suggested by the Court of Appeals. Invoking ORAP 6.15 should allow the Court of Appeals to consider the matter without delay, without the necessity of separate briefing, and with, we believe, no greater motion practice than would exist were ORS 19.010(2)(c) applicable.

■ An indigent defendant who needs a verbatim transcript for an appeal should first request the trial court for an order pursuant to ORS 138.500(2). If the trial court denies the request and the defendant wants to renew the request, the defendant should forthwith move the Court of Appeals to order the transcription under ORAP 6.15. The Court of Appeals would be justified in denying an ORAP 6.15 motion if the defendant has not previously requested a transcript in the trial court under ORS 138.500(2).

Accordingly, we remand this case to the Court of Appeals for further proceedings in accordance with this opinion. We grant leave to the defendant, within 15 days

from the date of this opinion, to move the Court of Appeals for an order that portions of the proceedings be transcribed, ORAP 6.15.[4]

---

[4] *See State v. Montgomery,* 58 Or App 630, 650 P2d 111 (1982). The defendant should also consider asking leave to file a further brief addressing the merits of his claims of trial court error. The defendant has not yet filed a brief addressing the merits of his appeal.