Submitted on record and appellant's brief September 21, 1987, affirmed May 18, 1988

## McCLURE,
*Appellant,*

*v.*

## HESS et al,
*Respondents.*

### (86-CR-368; CA A41657)

754 P2d 37

Robert A. McClure, Salem, filed the brief *pro se* for appellant.

No appearance for respondent Raymond W. Hess.

No appearance for respondent Thomas S. Sermak.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

In this mandamus proceeding, appellant sought to obtain the file which defendants[1] had compiled as his attorneys when they represented him in a criminal proceeding. The trial court granted defendants' motion to dismiss the alternative writ of mandamus on the ground that ORS 9.360 provides appellant with an adequate legal remedy. We affirm.

■ ■ ORS 9.360 provides a procedure to obtain records from an attorney:

"When an attorney refuses to deliver over money or papers to a person from whom or for whom the attorney has received them in the course of professional employment, the attorney may be required *by an order of the court in which a judicial proceeding was prosecuted or defended* * * * to do so within a specified time, or show cause why the attorney should not be punished for a contempt." (Emphasis supplied.)

Appellant argues that he did not have a remedy under the statute, because the criminal action had been concluded a year earlier and, therefore, the case was "closed." However, the reference to "judicial proceeding which *was* prosecuted or defended" demonstrates that the statute is available, even when the judicial proceedings are concluded. Therefore, appellant has an adequate remedy at law. ORS 34.110; *See State v. Montgomery,* 294 Or 417, 423, 657 P2d 668 (1983).

■ Appellant also argues that he was not given an adequate opportunity to respond to defendants' motion to dismiss the mandamus proceeding. Defendants filed their motion to dismiss five days before the show cause hearing on the alternative writ. Appellant, who was incarcerated, did not receive a copy until two days before the hearing. Although, under OTCR 5.030, appellant was entitled to additional time to respond to the motion to dismiss, we conclude that a remand is not warranted. Independently of defendants' motion to dismiss, appellant had to establish that he had no adequate remedy at law. The allegations on the face of his petition, including setting out ORS 9.360, show that he had an adequate remedy, and he does not now advance any additional reason why the remedy is inadequate. Further, he had an

---

[1] We do not refer to purported facts outside the record of this proceeding which appellant has included in his brief.

opportunity to be heard at the show cause hearing, but he did not appear.

Affirmed.