Argued and submitted December 19, 1997, remanded for resentencing; otherwise affirmed February 18, 1998

STATE OF OREGON,
*Appellant,*

*v.*

DAVID KEITH DUBOIS,
*Respondent.*

(95-1926; CA A94540)

954 P2d 1264

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before De Muniz, Presiding Judge, and Haselton, Judge, and Rossman, Senior Judge.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

The state appeals from a judgment sentencing defendant to 36 months' probation for the crime of second-degree assault, ORS 163.175, arguing that the trial court erred in imposing that sentence pursuant to the sentencing guidelines rather than the mandatory minimum sentence of 70 months' incarceration required by ORS 137.700(2)(a)(G). For the following reasons, we remand for resentencing.

In *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* ____ US ____ , 118 S Ct 557 (1997), the court considered the constitutionality of ORS 137.700 in a mandamus proceeding brought by the state against a trial judge who refused to impose the mandatory minimum sentence required by ORS 137.700 and instead imposed a presumptive guidelines sentence. As a threshold question, to determine whether mandamus was the proper remedy, the court had first to determine whether the state had an adequate remedy at law for the sentencing error. ORS 138.222(2)(a) (1995) provided, in part, that an appellate court shall not review "[a]ny sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission," *e.g.*, presumptive sentences under the felony sentencing guidelines, OAR chapter 212. The court determined that direct appellate review of the error in question was barred under ORS 138.222(2) (1995) and that mandamus was an appropriate remedy. *Id.* at 602-08.

The state attempts to distinguish this case from *Huddleston* on the ground that defendant's probationary sentence is not a "presumptive sentence" and thus that ORS 138.222(2) does not bar review in this court. Defendant's conviction was classified in grid block 8-H. OAR 213-05-006 provides that, if an offense is classified as 8-G, 8-H, or 8-I on the sentencing guidelines grid, the court may impose a probationary sentence if certain findings are made. OAR 213-05-006(3) provides: "A probationary sentence imposed for an offense classified in grid blocks 8-G, 8-H and 8-I when not authorized by this rule is a departure." Although the state did not challenge the adequacy of the findings in the court below, it argues on appeal that the probationary sentence

should be considered a "departure" under OAR 213-05-006(3) because the findings were not adequate to consider the probationary sentence a presumptive sentence.

■ We need not reach the question whether the state adequately preserved this argument or whether the allegedly inadequate findings would make an ORS 137.700 issue reviewable, because a legislative amendment to ORS 138.222 has rendered the sentencing error in question reviewable. Effective October 4, 1997, the legislature has provided an exception to the provision of ORS 138.222(2) concerning non-reviewability of presumptive guidelines sentences. Or Laws 1997, ch 852, § 9. ORS 138.222(4)(c) now specifically provides that appellate courts may review claims that a "sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700." Therefore, we conclude that we may review the sentencing error alleged by the state in this case. *See State v. Kephart*, 320 Or 433, 887 P2d 774 (1994) (amendment to ORS 138.222 applied to pending cases).

■ Here, the trial court refused to impose the mandatory minimum sentence of 70 months required by ORS 137.700(2)(a)(G) on the ground that that statute was facially unconstitutional. ORS 137.700 has been upheld against similar facial challenges. *Huddleston; State v. Keerins*, 145 Or App 491, 932 P2d 65 (1996); *State v. Lawler*, 144 Or App 456, 927 P2d 99 (1996). We conclude that the trial court erred in failing to impose the sentence of 70 months required for a conviction for second-degree assault under ORS 137.700-(2)(a)(G).

Remanded for resentencing; otherwise affirmed.