Argued and submitted June 16, 1997, remanded for resentencing; otherwise affirmed February 25, 1998

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL BRENT CLANTON,
*Respondent.*

(96-212; CA A94254)

955 P2d 312

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

The state appeals a judgment imposing a probationary sentence on two felony convictions that are subject to mandatory minimum 75-month sentences under ORS 137.700(2)(p). The trial court declined to impose the mandatory minimum sentences on the ground that the statute is facially unconstitutional. The state argues that, in the light of the Supreme Court's decision in *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* 118 S Ct 557 (1997), the case must be remanded for resentencing under ORS 137.700(2)(p).

At the outset, we must address whether the state's appeal is reviewable. In *Huddleston*, the Supreme Court held that, when the sentencing court refuses to impose the minimum sentence required by ORS 137.700, and instead imposes the shorter presumptive sentence prescribed by the sentencing guidelines, the state may not obtain direct appellate review of the trial court's decision. 324 Or at 607. The court reasoned that ORS 138.222(2)(a) precludes appellate review of a " 'sentence that is within the presumptive sentence prescribed by [the sentencing guidelines].' " *Id.* at 607 (quoting ORS 138.222(2)(a)). The court held that the state may obtain review by proceeding in mandamus, but not by seeking direct appellate review. *Id.* at 608.

In this case, the state argues that *Huddleston* does not apply because the trial court imposed a probationary sentence, not a presumptive sentence. The state acknowledges that ORS 138.222(2)(b) also precludes review of

"[a] sentence of probation when the [sentencing guidelines] prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure."

The state contends that that statute does not preclude direct appellate review of this case. According to the state, ORS 138.222(2)(b) applies only when the sentencing guidelines "allow" a sentence of probation. The sentencing guidelines expressly provide that when a statute requires a mandatory minimum sentence that is longer than what the guidelines otherwise require, the longer sentence must be imposed. *See* OAR 213-09-001(1). Thus, the state reasons, a sentence of

probation in this case is not "allowed" within the meaning of ORS 138.222(2)(b), and the statute does not preclude direct appellate review.

After the briefing in this case, the legislature enacted amendments to ORS 138.222, which became effective October 4, 1997. As amended, the relevant provisions of the statute read, with new language in italics:

"(2) *Except as otherwise provided in subsection (4)(c) of this section,* on appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"* * * * *

"(b) A sentence of probation when the rules of the Oregon Criminal Justice Commission prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure."

"* * * * *

"(4) In any appeal, the appellate court may review a claim that:

"* * * * *

"(c) *The sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700 * * *.*"

■ Under the amended version of ORS 138.222, there is now express provision for direct appellate review of this case, and we need not express any opinion about the state's argument that neither *Huddleston* nor the earlier version of ORS 138.222(2)(b) precludes appellate review. *See State v. Kephart,* 320 Or 433, 436, 887 P2d 774 (1994) (other amendment to ORS 138.222 applied to pending cases).

■ On the merits, the state is correct that, in *Huddleston,* the Supreme Court upheld the facial constitutionality of ORS 137.700 as against challenges based on Article I, sections 11, 15 and 20; Article III, section 1; Article VII, section 1, of the Oregon Constitution; Article IV, section 4; and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. 324 Or at 609-30. There is no

contention in this case that the statute is unconstitutional on any other ground.

Remanded for resentencing; otherwise affirmed.