Argued and submitted April 30, reversed and remanded for resentencing August 5, petition for review denied December 1, 1998 (328 Or 115)

# STATE OF OREGON,
*Appellant,*

*v.*

# TRAVIS ROBERT LINK JACKMAN,
*Respondent.*

(95-1996; CA A93248)

963 P2d 170

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Dan Maloney and Jesse Wm. Barton, Deputy Public Defenders, argued the cause for respondent. On the brief was Sally L. Avera, Public Defender.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

The state appeals from a judgment sentencing defendant to 60 months' imprisonment for the crime of second-degree robbery pursuant to ORS 161.610, which provides for minimum sentences when a firearm is used. The state asserts that the sentencing court erred in failing to impose the 70-month mandatory minimum for the crime of second-degree robbery required by ORS 137.700(2)(a)(R). For the following reasons, we reverse and remand for resentencing under ORS 137.700.

ORS 137.700, popularly known as Ballot Measure 11 (1994), provides that a mandatory minimum sentence of 70 months be imposed on convictions for second-degree robbery. ORS 137.700(2)(a)(R). The sentencing court held that the mandatory minimum sentences provided by ORS 137.700 are facially unconstitutional because the statute violates the separation of powers provisions of the state constitution by reducing the sentencing court's discretion in determining appropriate sentences, and that the "sentencing scheme as applied surely will often violate" the proportionality provisions of both state and federal constitutions. The court therefore refused to impose the mandatory minimum required by ORS 137.700 and instead imposed the mandatory minimum required by ORS 161.610.[1]

On appeal, the state argues that the trial court's ruling was incorrect under *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* 118 S Ct 557 (1997). Defendant acknowledges that the merits of the sentencing court's ruling are incorrect under *Huddleston* but argues that this court should nonetheless affirm the sentence imposed by the trial court because the sentence is not reviewable by this court.

A preliminary issue in *Huddleston*, a mandamus case, was whether mandamus was an appropriate remedy or whether the state had an adequate remedy via direct appeal to this court. The court agreed with the state that it did not have an adequate remedy on direct appeal because ORS

---

[1] Defendant did not challenge the constitutionality of ORS 161.610.

138.222(2)(a) prohibited review on direct appeal of "[a]ny sentence that is within the presumptive sentence prescribed by the [sentencing guidelines]." *Id.* at 601-08. Since that case was decided, however, the 1997 legislature amended ORS 138.222, which now specifically provides that an appellate court on direct review may consider a claim that "[t]he sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700 or ORS 137.707." ORS 138.222(4)(c). The amended version of ORS 138.222 applies in the present case. *See State v. DuBois*, 152 Or App 515, 954 P2d 1264 (1998); *State v. Clanton*, 152 Or App 705, 955 P2d 312 (1998).

Defendant contends that the application of the amended version of ORS 138.222 violates the *ex post facto* provision of Article I, section 21, of the Oregon Constitution, and Article I, section 10, of the United States Constitution, as well as the separation of powers provisions of Article III, section 1, of the Oregon Constitution.

We turn first to defendant's *ex post facto* argument. Defendant notes, correctly, that the *ex post facto* provisions of both constitutions prohibit retroactive application of a statute that deprives a defendant of a defense that was available at the time the offense was committed. Defendant contends that he would prevail under the law in effect when he committed the offense and that application of the amended version of ORS 138.222 on appeal deprives him of a defense. We disagree.

Even accepting defendant's characterization of what is a "defense" for purposes of *ex post facto* analysis, he has not established that he would prevail under the law in effect when he committed the offense. The only change made by the amendments to ORS 138.222 is a change in which appellate court is responsible for correcting certain sentencing errors. The fact that the state could not obtain direct review of the sentencing error at issue in *Huddleston* did not mean that the defendant in the underlying criminal action "prevailed"; it simply meant that the Supreme Court corrected the sentencing error by issuing a writ of mandamus. Defendant cites no authority for the proposition that legislation that changes

the method by which sentencing errors are corrected implicates *ex post facto* concerns, and we are aware of none. We reject defendant's argument that application of the amended version of ORS 138.222 to his appeal violates the *ex post facto* provisions of the state and federal constitutions.

■ ■ Defendant also contends that application of the amended version of ORS 138.222 to this appeal violates Article III, section 1, of the Oregon Constitution. That section provides:

> "The powers of the Government shall be divided into three seperate (sic) departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Defendant argues that this section has been interpreted to prohibit legislation that retroactively confers jurisdiction on courts, citing *Macartney v. Shipherd*, 60 Or 133, 117 P 814 (1911), and *State v. Rudder / Webb*, 137 Or App 43, 903 P2d 393 (1995), *rev'd on other grounds* 324 Or 380, 927 P2d 79 (1996). The flaw in defendant's argument is that the changes in ORS 138.222 at issue here did not concern jurisdiction, but reviewability. The distinction between "appealability," which implicates jurisdictional concerns, and "reviewability," which does not, was discussed in *State v. Montgomery*, 294 Or 417, 420, 657 P2d 668 (1983) (*"Appealability* generally is concerned with whether an appeal can be taken at all. * * * *Reviewability* generally involves the consideration of a variety of rulings and orders made by the court, usually before judgment."). It is axiomatic that an appellate court lacks jurisdiction over an appeal from an order that is not appealable. On the other hand, although an appellant who appeals from an appealable order but raises an issue that is not reviewable certainly will not prevail on appeal, the reason is that the court may not consider the *issue* raised, not that the court lacks jurisdiction over the case.

That is the essential difference between the present case and those on which defendant relies. In *Rudder / Webb*, we considered the validity of legislation that retroactively conferred jurisdiction on district courts over certain cases

that, in our interpretation, were not covered by the prior version of the statute conferring jurisdiction on district courts.[2] We held that retroactively conferring subject matter jurisdiction on a court that lacked such jurisdiction violated the separation of powers principles enunciated in Article III, section 1. Relying on *Macartney*, discussed below, we concluded:

> "As we construe ORS 46.040, district courts, for a period of time, did not have jurisdiction over Class A misdemeanors. That compels the conclusion that the district court judgments entered in such cases are void. Courts cannot judicially resurrect a judgment that never had life. [T]he effect of section 2 is to mandate that the judicial branch construe and apply the law, not according to our judicial judgment, but according to the legislature's judgment. That kind of legislative mandate encroaches impermissibly on the adjudicatory power of the judicial branch, in violation of Article III, section 1." *Rudder/Webb*, 137 Or App at 51-52 (citation omitted).

The situation in *Macartney* was analogous to the situation in *Rudder/Webb*. In *Macartney*, the issue was whether an order denying a motion for a new trial was appealable under a certain statute. 60 Or at 135. Before the order was entered, the court had interpreted the statute and had concluded that orders denying new trials were not appealable. The order was nonetheless appealed, and, during the pendency of the appeal, the legislature amended the statute to state that an order denying a motion for a new trial was appealable. The court held that the legislature could not confer jurisdiction in such a manner:

> "The act in question does not profess to give to litigants any new right of appeal. It recites that there is doubt about the construction of the acts of the legislative assembly that have been already passed relating to appeals, and, based upon that alleged doubt, it proceeds to construe those previous enactments and to declare their meaning validating appeals, notices of which had been theretofore served." *Id.* at 143.

---

[2] The Oregon Supreme Court ultimately disagreed with our interpretation of that statute. *State v. Webb*, 324 Or 380, 927 P2d 79 (1996). That statutory interpretation, however, does not call into question our separation of powers analysis.

Both *Rudder / Webb* and *Macartney* are distinguishable from the present case. In *Rudder / Webb*, we concluded that the legislature lacked the ability retroactively to confer subject matter jurisdiction in order to resurrect a judgment that was void when entered. In *Macartney*, the court concluded that the legislature lacked the ability retroactively to confer subject matter jurisdiction over an appeal in order to render appealable an order that was not appealable when entered. This case is not analogous. ORS 138.060 gives the state the right to appeal to this court from the judgment entered in the present case. The relevant portions of ORS 138.060 were not changed when the legislature amended ORS 138.222 in 1997. Thus, the *appealability* of the judgment in the present case under ORS 138.060 was not affected by the 1997 legislative changes to ORS 138.222. ORS 138.222 concerns reviewability, not appealability. It places specific limitations on sentencing issues that this court may *review* on direct appeal. Unlike the statutes at issue in *Rudder / Webb* and *Macartney*, ORS 138.222, as amended in 1997, does not attempt to take a judgment that was void or not appealable when entered and breathe new life into it. The amended statute merely gave this court the ability to correct an error that otherwise was correctable by a different appellate court. Although the legislature changed the way that a judicial function would be carried out, it did not usurp any judicial power by doing so. Application of the amended version of ORS 138.222 to the present appeal does not violate the separation of powers provisions of Article III, section 1, of the Oregon Constitution.

Defendant's other arguments do not merit discussion.

Reversed and remanded for resentencing.