Argued and submitted April 30, vacated and remanded in part; otherwise affirmed September 30, respondent's petition for reconsideration filed October 6, 1998, allowed by opinion February 24, 1999
See 158 Or App 597 (1999)

## STATE OF OREGON,
*Appellant,*

*v.*

## DANIEL ROBERT GEE,
*Respondent.*

## (96-3176-C-2; CA A99404)

965 P2d 462

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Dan Maloney and Jesse Wm. Barton, Deputy Public Defenders, argued the cause for respondent. On the brief

were Sally L. Avera, Public Defender, and Jesse Wm. Barton, Deputy Public Defender.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

This is an appeal by the state from the sentence imposed on defendant's conviction for robbery in the first degree, ORS 164.415, a felony subject to ORS 137.700, the codification of Ballot Measure 11 (1994). Instead of imposing the 90-month minimum sentence mandated by Measure 11, the trial court imposed a 51-month presumptive term under the sentencing guidelines. The state then filed a petition for a peremptory writ of mandamus in the Oregon Supreme Court, which issued the writ directing the trial court to impose "the sentence required by ORS 137.700." Under the writ, however, the trial court again imposed the 51-month term, stating that it held the long period of incarceration under Ballot Measure 11 to be unconstitutionally cruel and unusual under the Oregon Constitution, and this appeal followed.

The state argues that the trial court erred in not imposing the Ballot Measure 11 sentence. It argues first that the trial court had no authority to refuse to impose that sentence because the peremptory writ did not authorize the trial court to resentence defendant or to consider alternative arguments. Alternatively, the state contends that the trial court erred because the Ballot Measure 11 term is not unconstitutional as applied to defendant.

Defendant argues that we cannot address the issue on direct appeal because, when the state filed its notice of appeal, appellate courts lacked authority to review the state's claim. We have answered defendant's arguments contrary to his position in *State v. Jackman*, 155 Or App 358, 963 P2d 170 (1998).

We need not and do not address the state's first assertion that, under the peremptory writ, the trial court was precluded from imposing anything other than the Ballot Measure 11 sentence, because we conclude that, in all events, the Ballot Measure 11 term is not unconstitutionally cruel and unusual here. We consider whether the punishment for defendant's criminal behavior is "so disproportionate to the offense as to shock the moral sense of all reasonable persons as to what is right and proper." *State v. Isom*, 313 Or 391,

401, 837 P2d 491 (1992). The trial court found that defendant's criminality "has largely been the product of episodic drug abuse and resultant mental illness" and that defendant "will respond to mental health and drug abuse treatment," which is "of much greater benefit to him and to the community than the lengthy incarceration[.]" Although defendant's substance abuse may have led to his criminal behavior, there was no evidence that defendant had a mental condition that negated the required culpable mental state for the offense. That defendant should serve a 90-month term for armed robbery that he committed because of a self-induced substance-abuse problem does not shock the conscience. The trial court erred in finding the Ballot Measure 11 term unconstitutional as applied to defendant and in refusing to impose that mandated term.

Sentence on defendant's conviction for robbery in the first degree vacated and remanded for resentencing to 90-month term under ORS 137.700; otherwise affirmed.