# STATE OF OREGON,
*Appellant,*

*v.*

# STEPHEN JOHN ALBRICH,
*Respondent.*

(95-2155; CA A94746)

969 P2d 1033

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

David C. Degner, Deputy Public Defender, argued the cause for respondent. With him on the brief was Diane L. Alessi, Interim Public Defender.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

The state appeals from the trial court's refusal to impose the mandatory minimum sentence of 70 months for defendant's conviction of robbery in the second degree under ORS 137.700, popularly known as Ballot Measure 11 (1994). We reverse.

Prior to sentencing, defendant filed a "demurrer" challenging imposition of a Measure 11 sentence on constitutional grounds. In other cases, the trial court had ruled that Measure 11 was unconstitutional. Anticipating that the court would agree with defendant, the state filed a memorandum in opposition to defendant's "demurrer" but also agreed to a stipulated departure sentence of 30 months, which the court imposed.

On appeal, defendant argues that the stipulated sentence here precludes review under ORS 138.222(2)(d), which provides that the appellate court shall not review "[a]ny sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record." However, ORS 138.222(4)(c), enacted in 1997, specifically provides for appellate review of a claim in "any appeal" from a judgment of conviction that a sentencing court erred in failing to impose the minimum sentence prescribed by ORS 137.700. Defendant's arguments that the amendments do not apply to his case have been answered adversely to his position in *State v. DuBois*, 152 Or App 515, 954 P2d 1264 (1998) (the 1997 amendment to ORS 138.222 allows direct appeal of the sentencing issue), and *State v. Jackman*, 155 Or App 358, 963 P2d 170 (1998) (retroactive application of ORS 138.222(4)(c) does not violate constitutional *ex post facto* or separation of powers provisions).

Defendant argues, however, relying on *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), that the stipulated sentence here demands a different result from *Jackman*. There, the Supreme Court held that ORS 138.222(2)(d) applies to the " 'stipulated sentences' as illustrated in ORS 135.407." *Id.* at 447. Those include a "sentence outside the

presumptive sentence range for a stipulated grid block classification." ORS 135.407(5). Defendant contends that the sentence here is within ORS 135.407(5).

However, *Kephart* was decided before the passage of ORS 138.222(4)(c). Thus, whether or not defendant's sentence comes within ORS 135.407(5) makes no difference when, as here, the issue is whether "[t]he sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700[.]" That claim of error is allowed "[i]n any appeal" from a judgment of conviction. The state is not precluded from obtaining review of its argument.

The trial court erred in not imposing the mandatory minimum term. *Jackman*, 155 Or App 358.

Conviction affirmed; sentence vacated; remanded for resentencing.