On respondent's petition for reconsideration filed October 6, 1998, reconsideration allowed; opinion (156 Or App 241, 965 P2d 462 (1998)) modified and adhered to as modified February 24, petition for review denied May 25, 1999 (328 Or 594)

## STATE OF OREGON,
*Appellant,*

*v.*

## DANIEL ROBERT GEE,
*Respondent.*

### (96-3176-C-2; CA A99404)

976 P2d 80

Jesse Wm. Barton, Deputy Public Defender, for motion.

No appearance *contra*.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Defendant has petitioned for reconsideration of our opinion, *State v. Gee*, 156 Or App 241, 965 P2d 462 (1998). We allow the petition, modify our opinion and adhere to it as modified.

Defendant was convicted of robbery in the first degree, and the trial court refused to impose the mandatory minimum term required by Ballot Measure 11 (1994), codified at ORS 137.700. The state then filed a petition for a peremptory writ of mandamus in the Oregon Supreme Court, which issued the writ and directed the trial court to impose the sentence required by ORS 137.700. On August 27, 1997, the trial court again refused to do so, and the state filed a notice of appeal on September 30, 1997.[1]

In *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* ___ US ___, 1185 S Ct 557, 139 L Ed 2d 399 (1997), the Supreme Court held that ORS 138.222(2)(a) precluded appellate review of a claim that the sentencing court erred by refusing to impose the sentence required by Ballot Measure 11. The 1997 Legislature amended ORS 138.222(4) to allow appellate review. The amendment became effective on October 4, 1997.

In our opinion, based on *State v. Jackman*, 155 Or App 358, 963 P2d 170 (1998), we rejected defendant's argument that applying the amendment retroactively to the state's appeal here violated constitutional *ex post facto* or separation of powers provisions. However, we did not address defendant's contention in his supplemental brief that retroactively applying the amendment here violates his procedural due process rights.

Defendant's position is that, at the time the state filed its notice of appeal, *Huddleston* had conclusively determined that the notice of appeal was "useless in obtaining a higher court's review of the trial court's sentencing decision." Defendant argues that, at that time, only mandamus would

---

[1] The judgment was entered on September 3, 1997; the appeal was timely.

provide that review and, because the state did not file a mandamus petition after the August 27, 1997, sentence, the state lost its ability to challenge the trial court's sentencing decision. Defendant argues that to allow retroactive application of ORS 138.222(4)(c) would resurrect the state's chance for review by a higher court, a result which would be "fundamentally unfair," as it would relieve the state from the consequences of its failure to file a mandamus petition and would end defendant's assurance that the sentence imposed was the sentence that he would serve.

The gist of defendant's argument, thus, is that retroactive application of the statute here makes the sentence appealable, when it was not before. However, that argument mixes the issues of appealability and reviewability. The state had the right to file an appeal from the judgment at the time it did so. ORS 138.020. Whether the issue brought before the court in the appeal was one that the court could review is another question. *See State v. Clanton,* 152 Or App 705, 707, 955 P2d 312 (1998) (court must address whether the state's appeal is reviewable). Although, at the time the appeal was filed, the notice of appeal was "useless" to obtain the desired review while the appeal was pending, the amendment providing for such review became effective. It applied to pending cases, *State v. Kephart,* 320 Or 433, 440, 887 P2d 774 (1994) (earlier amendment to ORS 138.222 applied to pending cases); *State v. DuBois,* 152 Or App 515, 954 P2d 1264 (1998), including the state's appeal here.

As we noted in *Jackman,* 155 Or App at 361, "[t]he only change made by the amendments to ORS 138.222 is a change in which appellate court is responsible for correcting certain sentencing errors." Defendant does not explain why changing which court will first review the alleged sentencing error is "fundamentally unfair," and we do not find that it is.

Reconsideration allowed; opinion modified and adhered to as modified.